IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ]<br>        Respondent, ]<br>    v.               ]<br>CARLOS COLLAZO_ARROYO  , ]<br>            Movant  , ] | Criminal Case No. 97-CR-271-11<br>Civil Case No.<br>**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY PARTY IN FEDERAL CUSTODY PURSUANT TO THE PROVISIONS OF TITLE 28 §2255** |

MEMORANDUM OF LAW IN SUPPORT OF
<u>TITLE 28 U.S.C. §2255</u>

AND now comes Carlos Collazo-Arroyo, <u>pro se</u>, the Movant in the above styled cause of action, and moves this Court for an order granting his Motion to Vacate, Set Aside, or Correct Sentence, and says:

Movant is currently incarcerated in the federal prison system and has no formal legal training. Movant has no assets or income, was unable to retain legal counsel to pursue his claims in this cause of action, and is presenting these claims as a <u>pro se</u> litigant. Therefore, Collazo-Arroyo is a legally disadvantaged party who should be held to a less stringent standard than a lawyer. Movant hereby moves this Court to protect his due process rights in this proceeding as mandated by the Supreme Court in <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).

## JURISDICTION

INASMUCH as Movant was sentenced to a federal term of imprisonment by this Court, subsequent to a jury's guilty verdict, jurisdiction is conferred to review Movant's collateral challenge to the constitutionality of his conviction and sentence.

## COURSE OF PROCEEDINGS

Movant was tried by jury in the United States District Court, District of Puerto Rico, before the Honorable Hector Laffitte, J., of conspiracy to possess with intent to distribute marijuana, cocaine, and heroin in violation of 21 U.S.C. §846.

Following his conviction, Movant was sentenced to 126 months incarceration. Movant was tried with co-defendants; Luis Rivera-Rosario, Federico Naranjo-Rosa, Jesus Toro-Santiago, and Orlando Hernandez.

Movant appealed his conviction, and the First Circuit Court of Appeals affirmed his conviction on August 7, 2002. Thus this §2255 motion is timely as stated by the Supreme Court, United States v. Clay, 537 U.S. 522 (2003); "For federal defendants who do not petition for certiorari review of an adverse judgment on direct appeal, the one year limitations period for seeking relief under Section 2255 will generally

start to run when the time for seeking such review expires....
when the time for filing a certiorari petition expires."

## STATEMENT OF FACTS

Acting upon a wiretap order, Federal Bureau of Investigation ("FBI") agents intercepted and recorded numerous telephone conversations among the defendants. The conversations were in Spanish and contained references to tires, car jacks, spurs, tennis shoes, windows, cakes, and ceramic dogs. Believing that these terms were coded references to drugs, the government sought to indict defendants.

On December 10, 1997, a Federal Grand Jury indicted the defendants on charges of conspiring to possess with intent to distribute multi-kilogram quantities of drugs, in violation of 21 U.S.C. §846, and Movant ultimately was convicted on this count. Movant is currently incarcerated at Eglin Federal Prison Camp, Eglin AFB, Fl, serving a 126 month sentence.

## ARGUMENTS

I. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE FACT THAT THE COURT VIOLATED THE JONES ACT.

Movant contends that trial counsel was ineffective for failing to object to the fact that the Court violated the Jones Act. The prejudicial effect of this violation far outweighed any probative value and denies Movant meaningful appellate review.

At trial, the prosecution's evidence against the defendants consisted primarily, though not exclusively, of 180 audiotapes, which contained the intercepted conversations. Before introducing these recordings in evidence, the government provided the district court and defense counsel with a Spanish transcript of the tapes and an English translation of the Spanish transcript. The Court then asked the jury whether it preferred to listen to the tapes while reading the Spanish transcript or the English translation. The Jury responded that it wanted to review the English translation. At that moment, the prosecution informed the court that there were not enough English translations for all of the jurors. In light of this shortage, the court instructed the government to give each juror a Spanish transcript and to distribute a couple of copies of the English translation to the jury as a whole. Before this instruction could be implemented, however, defense counsels objected on the ground that the English translation contained so many inaccuracies that the jury should not be allowed to see it; Defense counsels were provided the English translation of the Spanish transcript for the first time at trial, and, as a result, did not have an opportunity to object beforehand.

For the next four days of trial, the jury heard the Spanish tapes and read the Spanish transcripts. As the tapes played in

open court, the court interpreter did not translate any of the recordings. Neither the Spanish transcript nor the English translation was marked as an exhibit or made part of the record.

"It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English. Even if this practice was not intuitively obvious in Puerto Rico, Congress enacted section 42 of the Jones Act, which requires that [a]ll pleadings and proceedings in the United States District for the District of Puerto Rico .... be conducted in the English language, 48 U.S.C. §864." United States v. Rivera-Rosario, 300 F.3d 1 (1st Cir. 2002).

The improper utilization of Spanish tapes and Spanish translations in trial subjected Movant prejudicially by denying him due process. "Failure of trial counsel to perfect appeal denies defendant the absolute right to appeal his jury conviction and, therefore, deprives him of his right to effective assistance of counsel." Barrientos v. United States, 668 F.2d 838 (5th Cir. 1982).

The Courts held in United States v. Rivera-Rosario, 300 F.3d 1 (1st Cir. 2002), same case, "Indeed, it would be impossible to contest the issue: 180 tapes were played in Spanish throughout four days of trial without a single translation."

Had trial counsel properly objected to the Jones Act violation there is a substantial probability that Movant would

have either been acquitted, or that his conviction would have been reversed on appeal if appellate counsel had also not failed to raise such issues as outlined in arguments three, four, and five of this same motion.

Movant asserts that under the sixth amendment that he is not procedurally defaulted, time-barred, on this claim. Massaro v. United States, No. 01-1559 Criminal Law Reporter Vol. 73, No. 5, Page 119, dated 4-30-2003, "A federal prisoner's claim that trial counsel provided ineffective assistance in violation of the sixth amendment that is raised for the first time in a collateral proceeding is not procedurally defaulted even if the claim could have been raised on direct appeal."

Therefore, Movant asks, due to the ineffectiveness of his counsel that this Court vacate his conviction and grant him a new trial.

    II. APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE OR ADOPT CO-DEFENDANTS ARGUMENT THAT COURT VIOLATED JONES ACT REQUIREMENT, AND FOR FAILING TO REQUEST A PETITION FOR REHEARING UNDER RULE 40 OF THE RULES OF FEDERAL APPEALLATE PROCEDURES TO MAKE SUCH ADOPTION OR ARGUMENT BEFORE THE COURT.

Movant contends that his appellate counsel rendered ineffective assistance when he failed to raise or adopt co-defendant appeal argument that the Court violated the Jones Act, and when he failed to request a petition for rehearing under Rule

40 of the Federal Appellate Procedures to make such adoption of argument before the Appeal Court.

The Appeal court for the First District has held that Congress enacted section 42 of the Jones Act, which requires that [a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico....be conducted in the English language, 48 U.S.C. §846." United States v. Rivera-Rosario, 300 F.3d 1 (1st Cir. 2002).

Also, "our analysis of the harms that result from a violation of Jones Act has led us to discover the sought-after remedy: violations of the English language requirement will constitute reversible error whenever the appellant can demonstrate that the untranslated evidence has the potential to affect the disposition of an issue raised on appeal." Id. at 10.

Movant contends that not only is he raising that his counsel was ineffective for not raising the Jones Act violation but that he is also raising ineffectiveness for not raising insufficiency of evidence in the record to sustain his conviction, and insufficiency of evidence in the record to support and sustain his sentence in seperate arguments in this same motion.

Therefore, his right to meaningful appellate review was undermined by the violation of the English language requirement because the untranslanted evidence has the potential to affect disposition of his unraised issues on appeal which are being raised under ineffectiveness of appellate counsel arguments

three and four of this Memorandum of Law. "An appellant's right to meaningful appellate review will be undermined by a violation of the English language requirement whenever the untransltated evidence has the potential to affect the disposition of an issue on appeal." United States v. Rivera-Rosario, 300 F.3d 1, 10 (1st Cir. 2002).

Additionally, Federal Rules of Appellate Procedure, Rule 28(i) states: "Briefs in cases involving multiple appellants or appellees; In cases involving more than one appellant or appellee, including cases consolidated for purposes of appeal, any number of either may join in a single brief, and only appellant or appellee may adopt by reference any part of the brief of another. Parties may similarly join in reply briefs.

Movant contends that he meet the Court's holding in the First District standard by that the arguments raised by co-defendants were readily transferable to his case as to the situation regarding the record and its insufficiency to support his conviction or sentence. "Adoption by reference, however, cannot occur in a vacumm; to be meaningful, the arguments adopted must be readily transferable form the proponents case to the adopters case." United States v. David, 940 F.2d 722, 737 (1st Cir. 1991).

Movant contends that he has established ineffective assistance of counsel on appeal. He has shown that his appellate counsel omitted appealable issues, and in light of the record, reasonable competent, informed and diligent criminal

attorney would not have omitted the issues. Moreover, since counsel was aware of co-defendants appellate briefs and issues he should have adopted such by reference because he knew that the issues existed and were appealable.

Counsel was under the obligation to raise or adopt these issues to provide appellant with meaningful review. He not only had the obligation but the burden at the very least to ensure that it was squarely before the court and to explain how and why these issues applied in petitioner's case. The Court held that it is undisputable that a violation of the Jones Act occurred in Movants appeal decision. United States v Rivera-Rosario, 300 F.3d 1, 6 (1st Cir. 2002). "Indeed, it would be impossible to contest the issue: 180 tapes were played in Spanish throughout four days of trial without a single translation."

Furthermore, the Court has held, Fed. R.App. P. 28(i), "Where such arguments are transferable, we treat them as such." United States v. Cunan, 152 F. 3d 29 (1st Cir. 1998).

Also, in some sister Courts have held that even though petitioner failed to raise the issue in his brief that is being reviewed in co-defendant brief that the Court has the discretion to review in petitioner's case. "We remand Sylvester's case as well, even though he failed to raise the jury tampering issue in his brief." United States v. Sylvester, 143 F.3d 923 (5th Cir. 1998). Qouting United States v. Gary, 626 F.2d 494, 497 (5th Cir. 1980) "Ordinarily we would limit

each defendant's appeal to the issues raised in his brief. However, we have discretion to suspend the Federal Rules of Appellate Procedure "For good cause shown", Fed. R.App. P. 2. Believing it anomalous to reverse some convictions and not other when all defendants suffer from the same error, we consider the arguments to be adopted....this adoption does not prejudice the government which had the opportunity to fully brief all issues in response to the various contentions of the defendants....(Internal qoutations omitted)."

Counsel had the obligation and burden, at the very least, to ensure that it is squarely before the Court and to explain how and why it applied, and his failure to do so resulted in prejudice to Movant, and thus Movant's conviction should be vacated and a new trial granted. See United States v. Torres-Rosa, 209 F.3d 4, 7 (1st Cir. 2000).

   III. APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE THE GROUNDS THAT THERE IS INSUFFICIENT EVIDENCE IN THE RECORD TO SUSTAIN HIS CONVICTION.

Movant contends that appellate counsel was ineffective for failing to raise the grounds that there is insufficient evidence to sustain his conviction.

"To establish ineffective assistance of counsel on appeal, petitioner must show that his appellate counsel omitted appealable issue, and in light of the record, states of law, and space and time limitations inherent in appellate process, reasonable competent, informed and diligent criminal attorney would not have omiited that issue." Domingo v. State of Hawai,

873 P.2d 775 (1994).

Petitioner asserts that the government failed to meet its burden of proof at trial because the government failed to establish or demonstrate that he had the "intent to agree and intent to commit the substantive offense." United States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st Cir. 1989).

Petitioner admits to associating himself with the conspirators, but he insists that he did not intend to commit the underlying drug offense. See. e.g., Gomez-Pabon, 911 F.2d at 853, stating that "Mere association with conspirators does not establish an intent to participate in the conspiracy. At the most, the Spanish tapes reveal the he knew of the illegal drug scheme and that he socialized with the conspirators, which is insufficient to support his conviction. See United States v. Hyson, 721 F.2d 856, 862 (1st Cir. 1983) (ruling that associating with three conspirators and being aware of the presence of drugs in their apartment is insufficient to establish a willingness to participate in and advance the purpose of the conspiracy). Also, see Aponte-Suarez, 905 F.2d at 491 (ruling that mere knowledge of a drug importation scheme is insufficient to establish guilt).

Moreover, the only inference of evidence that the government has established is that an unknown alias, Carli, was actually Carlos Collazo-Arroyo, and that this person, Carli, made or received several phone calls (6 out of 180) with conspirators, and that the position of the government

is that those phone calls are consistent with the other calls, and that they, inference, that they are referring to kilograms of cocaine. Even though the conversations are unclear as to what, if anything, was being planned.

Neither the notebooks, found in Toro-Sanitagos residence, or any cooperating witnesses or other property seized from conspirators specifically connected petitioner to the charged conspiracy.

Had appellate counsel properly raised the insufficiency of evidence grounds in petitioner's direct appeal there is a substantial probability that Movant would have either been acquited, or that his conviction would have been reversed on appeal.

Movant asserts that under the Sixth Amendment that he is not procedurally defaulted, time-barred, on this claim. United States v. Clay, 537 U.S. 522 (2003) "For federal defendants who do not petition for certiorari review of an adverse judgment on direct appeal, the one year limitations period for seeking relief under Section 2255 will generally start to run when the time for seeking such review expires.... when the time for filing a certiorari petition expires."

  IV. APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE THE GROUNDS THAT THERE IS INSUFFICIENT EVIDENCE IN THE RECORD TO SUSTAIN HIS SENTENCE.

Movant contends that appellate counsel was ineffective for failing to raise the grounds that there is insufficient evidence in the record to support the district court's attribution of 5 to 15 kilograms of cocaine to him.

"To establish ineffective assistance of counsel on appeal, petitioner must show that his appellate counsel omitted appealable issue, and in light of the record, states of law, and space and time limitations inherent in appellate process, reasonable competent, informed and diligent criminal attorney would not have omitted that issue." Doming v. State of Hawai, 873 P.2d 775 (1994).

At sentencing, the court attributed at least 5 but no more than 15 kilograms of cocaine, to petitioner, resulting in a base offense level of 32 under the Sentencing Guidelines, and petitioner was sentenced to 126 months of incarceration.

Petitioner argues that the evidence, English and Spanish tapes, do not support the court's determination. For instance, petitioner points out that the telephone conversations upon which the district court relied on to attribute 5 to 15 kilograms of cocaine to him do not relay such inference.

The district court calculated the drug quantity attributable to petitioner by relying exclusively on the tapes: "Based upon the exhibits that I already mentioned, plus 151, 152, 158, and 179, I find that there is evidentiary support on the record to sustain the ten kilos set forth in the presentence report." Id. at 7 of Sentencing Transcripts.

Petitioner argues that of the wiretapes phone conversations that only two phone calls attributed to the author of the voice, Carli, actually mentioned or referenced a possible purchase ; exhibit 151 and 179.

Exhibit 151, Call NO. 18, May 03, 1997, ...there is a reference to the fugitive, Carlos Gutierrez Naranjo, saying so lets buy it. Check out at least one, if not two. see Sentencing transcript, Id. at pg 5.

Exhibit 179, May 16, 1997, where "Canigua", which is the fugitive, called Carlos Collazo Arroyo, "Carli", for a drug transaction of cocaine for $23,500.

Petitioner asserts that only 3 kilos should have been attributed at sentence for a guideline range at level 28 with applicable guideline range of 78 to 98 months.

The Supreme Court ruled regarding a §2255 in <u>Glover v. United States</u>, 148 L.Ed. 2d 604 (2001) that "any" erroneous sentencing determination that unlawfully increases a defendant's sentence constitutes prejudice for purpose of a Sixth Amendment ineffective counsel claim.

Thus, for this reason, Movant asks the Court to vacate his sentence.

V. TRIAL COUNSEL WAS INEFFECTIVE FOR NOT FILING A PRE-TRIAL MOTION TO SUPPRESS THE RECORDINGS, THAT WHERE USED AS AN EXEMPLAR OF HIS VOICE.

Movant contends that trial counsel was ineffective for failing to file a pretrial motion to suppress the recordings, as required by Federal Rule of Criminal Procedures 12(B)(3).

Rule 12(b)(3)'s mandate that all motions to suppress be presented prior to trial is based on the concern that "interruptin[ing] the course of the trial for such auxiliary

inquiries impedes the momentum of the main proceeding and breaks the continuity of the Jury's attention." <u>Nardone v. United States</u>, 308 U.S. 338, 342; 60 S.Ct. 266; 84 L.Ed. 307 (1939).

Petitioner asserts that he was prejudiced by the trial counsel's failure to raise such pre-trial motion. The main defense trial strategy was that the voice on the wiretape phone conversations were not that of the defendant, petitioner, and even though counsel objected to the admission of the exemplar at trial he failed to file a pretrial motion to suppress the recordings.

Petitioner admits that he signed a consent form allowing the government to monitor his telephone calls form prison; however, he argues that he did not consent to having his voice recorded for the purpose of providing an exemplar at trial. Because the government allegedly transcended the scope of his consent, he concludes that his Fourt Amendment rights have been violated.

Petitioner asserts that his Fourth Amendment rights have been violated due to the trial counsel's failure to file such pre-trial motion, and that petitioner's <u>sole</u> argument raised on appeal, by appellate counsel, was that the district court erred in permitting the jury to hear an exemplar of his voice that was recorded without his permission when he was in prison; which was forfeited under Rule 12(f), Fed.R.Crim.P., as stated by the Appeal Courts decision in movants appeal.

-15-

The Appeal Court enforced the district court decision not to grant Collazo-Arroyo, petitioner, relief from his Rule 12(f) forfeitures: "Unless the appellant can show 'cause' for failing to raise it in a pretrial motion." United States v. Rivera-Rosario, 300 F.3d 1 (1st Cir. 2002).

Therefore, Movant asserts that he has shown the prejudice as the court requires, and he asks the Court to vacate his sentence.

VI. MOVANT IS ENTITLED TO AN EVIDENTIARY HEARING.

Movant contends that he has demonstrated more than adequate facts and reasons such that the Court should vacate his conviction and sentence. At the very least, Movant has shown a prima facie case sufficient to require the Court to call for an evidentiary hearing to more fully investigate these matters.

Wherefore, for the reasons stated herein, Movant asserts that his constitutional right to th effective assistance of counsel and a fair trial have been violated. This is especially apparent due to the cumulative effect of counsel's errors. See Bourjaily v. United States, 483 U.S. 171, 179-180 (1987) "Individual pieces of evidence, insufficient themselves to prove a point, may in cumulation prove it." Therefore, Movant prays that the Honorable Court will grant the above requested relief, or alternatively, set this matter for an evidentiary hearing.

Respectfully submitted,

*Carlos Collazo Arroyo* (signature)
Carlos Collazo-Arroyo
Pro-Se

## AFFIDAVIT OF CARLOS COLLAZO-ARROYO

Come's now Movant, Carlos Collazo-Arroyo, being over the age of twenty one (21) years, and of sound mind memory, who, after being duly sworn deposes and states:

1. That I am respectfully submitting this affidavit in support of the relief prayed for in the attached Motion of Writ of Habeas, §§2255, Corpus.

2. On October 26, 1999, the Defendant (Movant) and co-defendants where found guilty by jury to one count of conspiracy to distribute narcotics, Title 21 §§846.

3. On March 6, 2000, Honorable Hector M. Laffitte sentenced the defendant (Movant) to one-hundred and twenty-six (126) months' imprisonment.

4. On August 7, 2002, the First Circuit Court of Appeals affirmed his conviction.

5. On October 1, 2003, the defendant (Movant) filed a MOTION UNDER 28 U.S.C. §2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY.

6. That during the course of count proceedings in the Criminal Case No,:97-CR-271-11, affiant was represented by attorney Gustavo A. Del-Toro-Bermudez, and at sentencing; However, affiant was represented by attorney Ramon Rivera-Esteves on appeal (direct).

7. That I, Movant, am indigent, and do not have the funds to hire an attorney.

8. That I, Movant, am submitting a Motion to proceed in Forma Pauperis, Affidavit accompanying Motion for Permission to appeal in Forma Pauperis, and a Certificate of Inmate Account form.

9. That I, Movant, filed (accompanying) a Motion for Production of Court Documents in pursuant to 28 U.S.C. §§ 2250, and that I did not fill out form AO 148, Transcript Purchase Form, since I am moving in form of forma Pauperis and the transcripts are already on file with the clerk of court.

10. That I, Movant, filed a Motion for Appointment of Counsel and its accompanying brief because of petitioners limited knowledge of law, limited English, basic, skills, and the complexity of the issues so that the end of justice may be best served.

11. That I, Movant, also filed a Memorandum of Law for §§225 Motion, Writ of Habeas, and also a certificate of service.

12. That I, Movant, did not have available the necessary resources, documents, at the time originating my Writ of Habeas, and I may have to modify, supplement or change some of my arguments upon production of court documents to my person.

13. That I, Movant, requested assistance of my mother, Laudelina Arroyo Hernanez, and my family to communicate with both ex-attorneys and courts prior to originating this motion, §§2255, to no avail.

14. Therefore, I, Movant, based my Writ of Habeas, §§2255, on the best of my recollection of events that expired several years in the past.

15. FURTHER AFFIANT SAYETH NAUGHT


SIGNED THIS 01 day of October 2003.


Carlos Collazo-Arroyo
Reg. No. :15425-069
Eglin Federal Prison Camp
P.O. Box 600
Eglin AFB, Fl 32542

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO (SAN JUAN)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Respondent,<br>V.<br>CARLOS COLLAZO-ARROYO,<br>Movant, | Criminal Case No. 97-CR-271-11<br>Civil Case No.<br>**CERTIFICATE OF SERVICE** |

CERTIFICATE OF SERVICE

Carlos Collazo-Arroyo states under the penalty of perjury that on October 01, 2003, a copy of Petitioner's petition for Writ of Habeas Corpus, §2255, and Motion for appointment of counsel, and Certificate of service have been served on opposing counsel, United States Attorney Office, AUSA Mark Irish, Torre Chardon - 350 Carlos Chardon St., Suite 1201, Hato Rey, PR 00918, by placing said documents in a properly addressed envelope with postage prepaid and placing said envelope in prison mailbox located in the Administration Building.

Respectfully,

Carlos Collazo-Arroyo
Reg No. 15425-069
Eglin FPC
P.O. Box 600
Eglin AFB, Fl 32542