

U.S. Department of Justice

**Guillermo Gil**
*United States Attorney*
*District of Puerto Rico*

---

*Federico Degetau Federal Building, Room 452*    *(787) 766-5656*
*Carlos Chardon Avenue*
*Hato Rey, Puerto Rico 00918*

September 9, 1999

Thomas Lincoln, Esq.
Counsel for: Federico Naranjo-Rosa (2)

Francisco M. Dolz
Counsel for: Israel Ruiz-Cáceres (3)

Miguel A Montes-Díaz, Esq.
Counsel for: Luis Rivera-Rosario (4)

Ernesto Hernández-Milán, Esq.
Counsel for: Luis Pérez-Maldonado (6)

Robert W. Odasz, Esq.
Counsel for: Orlando Hernández (10) and
Humberto Pérez-Reyes

Gustavo del Toro, Esq.
Counsel for: Carlos Collazo-Arroyo (11)

Rafael Castro-Lang, Esq.
Counsel for: Jesús Toro Santiago (16)

Juan Matos de Juan, Esq.
Counsel for: Angel Chevere-González (23)

Re:    <u>United States of America v. Carlos Gutierrez-Naranjo, et. al.</u>
      Criminal No. 97-271(HL)

Dear Counselor:

      Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, we are providing you with discovery in the above referenced case.

      As you are aware, Rule 16 generally entitles you to pretrial disclosure of certain categories of information in the possession of the United States. They are as follows:

      a.     Recorded and written statements made by the defendant before or after the arrest; and the substance of any oral statements made by the defendant to any person <u>known</u> to be a Government agent;

b.    A defendant's prior criminal record, if any;

c.    Documents and tangible objects to be introduced by the United States during its case-in-chief, or taken from the possession of a defendant;

d.    Reports of scientific tests and medical examination;

e.    A written summary of expert witness(es) testimony.

As to the categories as set out above, the Government has a continuing duty to exercise due diligence in disclosing additional material which may later become known to us before trial of this case.

We respectfully remind you that Rule 16 also gives the Government a reciprocal right of discovery, compliance with which we will, or course, insist upon.

The Rule 16 materials that are being provided to you along with this letter, and which the United States designates pursuant to Rule 12(d) of the Federal Rules of Criminal Procedure, as evidence intended to be introduced at trial, are described below.

1.    Plea Agreement of Ricardo José Medina (5 pages).

2.    Information pertaining to Ricardo José Medina (3 pages).

3.    Two Reports (DEA-6 Report of Investigation at Condado Plaza Hotel and Casino incident report) relating to shooting at Condado Plaza Hotel (5 pages).

4.    Personal History Report of Ricardo Medina (1 page).

5.    Proffer Agreement relating to Ricardo José Medina dated September 19, 1997 (4 pages)

6.    DEA-6 Report of Investigation relating to arrest and statement of Ricardo José Medina. ( 4 pages).

7.    Handwritten notes relating to Ricardo José Medina

8.    Proffer agreement relating to Ricardo Medina dated July 17, 1997 (2 pages)

9.    Various handwritten notes relating to Ricardo Medina dated July 17, 1997.

10.    Proffer agreement relating to Ricardo Medina dated July 29, 1997 (2 pages).

11.    Various handwritten notes related to Ricardo Medina dated July 29, 1997 and

3

No 3506-Z.

12.  State of California Department of Justice investigation report dated July 29, 1997 (7 pages).

13.  Memorandum regarding potential Giglio disclosure dated July 30, 1997. (1 page).

14.  Proffer agreement related to Ricardo Medina dated August 22, 1997 (2 pages).

15.  Various handwritten notes related to Ricardo Medina dated August 22, 1997 (4 pages).

16.  Proffer agreement related to Ricardo Medina dated September 3, 1997 (2 pages)

17.  Various handwritten notes related to Ricardo Medina (10 pages).

18.  Proffer agreement related to Ricardo Medina dated September 8, 1997 (2 pages).

19.  Various handwritten notes related to Ricardo Medina dated September 8, 1997 (4 pages).

20.  Memorandum regarding potential Giglio disclosure dated September 10, 1997 (one page).

21.  Proffer agreement related to Ricardo Medina dated September 19, 1997 (2 pages).

22.  Transcript of change of plea by Ricardo José Medina dated September 26, 1997 (18 pages).

23.  Various handwritten notes relating to Ricardo Medina dated November 6, 1997 (2 pages).

24.  Various handwritten notes relating to Ricardo Medina dated November 10, 1997 (3 pages).

25.  Memorandum regarding potential Giglio disclosure dated November 10, 1997 (1 page).

26.  Various handwritten notes related to Ricardo Medina dated November 20, 1997 (2 pages).

Discovery                                4
Criminal No. 97-271(HL)

27.    Various handwritten notes related to Ricardo Medina dated December 17, 1997 (1 page).

28.    Memorandum relating to potential Giglio disclosure dated March 11, 1998 (1 page).

29.    Letter dated March 11, 1998 with no. 3506-RR (6 pages).

30.    Various notes related to Ricardo Medina dated May 8, 1998 No. 3506-SS (7 pages).

31.     Memorandum regarding possible Giglio disclosure dated May 19, 1998 (1 page).

32.    Various notes related to Ricardo Medina dated May 20, 1998 (3 pages).

33.    Various notes related to Ricardo Medina dated July 22, 1998 (15 pages).

34.    Various notes related to Ricardo Medina dated June 11, 1998 (10 pages).

35.    Various handwritten notes relating to Ricardo Medina dated June 12, 1998 (13 pages).

36.    Letter dated June 12, 1998 and No 3506-ZZ (2 pages).

37.    Various handwritten notes relating to Ricardo Medina dated June 22, 1998 (16 pages).

38.    Various handwritten notes relating to Ricardo Medina dated June 25, 1998 (12 pages).

39.    Various handwritten notes relating to Ricardo Medina dated June 29, 1998 (1 page).

40.    Memorandum relating to potential Giglio disclosure dated June 29, 1998 (1 page).

41.    Various notes relating to Ricardo Medina dated August 7, 1998 (1 page).

42.    Various notes relating to Ricardo Medina dated March 3, 1999 and numbered 3506-GGG (4 pages).

Discovery
Criminal No. 97-271(HL)                               5

43.    Various handwritten notes relating to Ricardo Medina dated March 8, 1999 (1
       page).

44.    One piece of paper with initials RMP dated April 16, 1999 (1 page).

45.    Memorandum regarding potential Giglio disclosure dated May 8, 1999 (1 page).

46.    Memorandum regarding possible Giglio disclosure dated May 22, 1999 (1
       page).

47.    Handwritten notes relating to Ricardo Medina (not dated) and numbered 3500-
       LLL (1 page).

48.    Three letters (the first letter having the number 3506-MMM and captioned
       "Oración" (16 pages).

49.    Copy of Mickey Mouse Greeting Card (3 pages).

50.    Letter with caption "La Felicidad" (1 page).

51.    One letter dated September 16, 1997, addressed to Eric B. Feldman dated
       September 16, 1997 (5 pages).

52.    Letter dated November 24, 1997 addressed to Harvey Fishbein dated November
       24, 1997 (5 pages).

53.    Memorandum dated June 16, 1997 from Robert Johnson to Jim Benjamin (2
       pages).

54.    Memorandum relating to potential Giglio disclosure dated June 16, 1999 (1
       page).

55.    Letter dated September 16, 1997 addressed to Eric B. Feldman with handwritten
       notations on page 2 of letter (5 pages).

56.    Personal History Report regarding Ricardo Medina dated September 16, 1997 (1
       page).

57.    Notice of Appeal and request for appointment of counsel on behalf of Alberto
       Negrón Constantino,

58.    FBI-302 Summary Report relating to Alberto Negrón-Constantino (4 pages).

Discovery                                      6
Criminal No. 97-271(HL)

59.    Various handwritten notes and police reports relating to murder of Esteban
       Marrero Rodríguez including "Certificación de Muerte" and Report dated
       October 1, 1997 regarding "Información Sobre Querella de Asesinato" dated
       October 1, 1997.

60.    Plea Agreement relating to Alberto Negrón Constantino(unsigned). (11 pages).

61.    Sealed Indictment pertaining to Criminal 97-229(JAF) (6 pages).

62.    Affidavit of Maximo Berríos Negrón dated September 18, 1997 (28 pages).

63.    Order authorizing continued interception of wire communications dated
       September 18, 1997 (7 pages).

64.    Application for the continued interception of wire communications dated
       September 18, 1997 (7 pages).

65.    Order authorizing continued interception of wire communications dated August
       19, 1997 (7 pages)

66.    Affidavit in support of Application of Title III dated August 19, 1997 (29
       pages)

67.    Application for the interception of wire communications with attachments dated
       August 19, 1997 (12 pages).(not including attachments).

68.    Call summaries.

69.    Interview of Diane Monsalve dated November 27, 1996 (5 pages)

70.    DEA Interview of Jesús La Santa (3 pages).

71.    Criminal Complaint against Carlos Rosario and Diane Monsalve dated
       September 18, 1996 and filed in the Northern District of Texas.

72.    Plea Agreement of Diane Monsalve dated January 9, 1997 (5 pages).

73.    Judgment in a Criminal Case pertaining to Diane Monsalve dated June 20, 1997
       and filed in the Northern District of Texas (5 pages)

74.    Proffer Agreement related to Diane Monsalve (1 page)

Discovery                                           7
Criminal No. 97-271(HL)

75.    Letter agreement pertaining to Diane Monsalve (3 pages).

76.    DEA-6 Report relating to interview of Carlos Rosario (6 pages)

77.    Proffer Agreement relating to Carlos Rosario (1 page).

78.    Indictment relating to Carlos Rosario, Diana Monsalve and Jesus La Santa (5
       pages).

79.    Plea Agreement of Jesus La Santa (4 pages).

80.    Judgment of Criminal Case relating to Carlos Rosario (5 pages).

81.    Information related to Carlos Rosario Rivas (1 page).

82.    Waiver of Indictment and Venue pertaining to Carlos Rosario Rivas (1 page).

83.    Plea Agreement pertaining to Carlos Rosario (6 pages).

84.    Modification of Plea and Cooperation of Agreement of Carlos Rosario Rivas (1
       page).

85.    Government Ex-Parte Motion pursuant to U.S.S.G. § 5K1.1 with attached letter
       from Victor Amador dated October 1, 1998. (7 pages).

86.    Plea and Cooperation Agreement of Carlos Rosario filed on October 13, 1998.
       (13 pages).

87.    Government Version of Facts for Carlos Rosario Rivas with attachments (6
       pages).

88.    Letter to Judge Barefoot Sanders from Carlos Rosario dated September 15, 1998
       (2 pages)

89.    FBI 302 Report pertaining to Carlos Rosario Rivas dated July 16, 1997 (8
       pages).

90.    Plea and Cooperation and Agreement for Aurelio Acosta Romero (12 pages).

91.    Memorandum in support of downward departure pursuant to USSG § 5k1.1 etc.
       dated April 29, 1997 (6 pages).

Discovery                                        8
Criminal No. 97-271(HL)

92.    United States of America's Motion Requesting Downward Departure on behalf
       of Aurelio Acosta Romero dated February 2, 1997.

93.    Court document captioned "Sentencing Findings for Aurelio Ramon Acosta
       Romero" (4 pages).

94.    Judgment in Criminal Case for Aurelio Acosta Romero (4 pages).

95.    FBI 302 Report pertaining to Aurelio Acosta-Romero with attached photo
       spread. (5 pages)

96.    Proffer agreement pertaining to Daniel Sanchez Ortiz dated May 21, 1998 (4
       pages).

97.     Plea and cooperation agreement relating to Daniel Sanchez Ortiz dated July 20,
       1998 (14 pages).

98.    Consent to transfer for Plea and Sentence of Jesús La Santa (1 page).

99.    One DEA Report and two Marshal's Reports relating to escape attempt from
       prison (5 pages).

100.   Plea Agreement relating to Jesús La Santa dated May 13, 1997 (4 pages).

101.   Criminal Complaint relating to Nury Arango and Jesús La Santa (3 pages)

102.   Letter from Robert E. Smith relating to Jesús La Santa dated March 18, 1997 (4
       pages)

103.   Letter dated July 21, 1999 from AUSA Heath (2 pages)

104.   Government Ex-Parte Motion pursuant to U.S.S.G. § 5k1.1 on behalf of Jesús
       La Santa (3 pages).

The United States intends to introduce into evidence the above-listed discovery
materials as well as all other discovery materials provided previously at the upcoming trial
pursuant to Rule 12(d)(1) of the Federal Rules of Criminal Procedure.

The Government recognizes its obligation under Brady V. Maryland, 373 U.S. 83
(1963) to divulge exculpatory evidence in a timely manner. As of this date, no exculpatory
evidence has been uncovered. However, the government will provide any exculpatory
evidence which may be uncovered in the future.

Discovery                                    9
Criminal No. 97-271(HL)

                          Sincerely,

                          GUILLERMO GIL
                          UNITED STATES ATTORNEY

                          Mark Irish
                          Assistant U. S. Attorney

Discovery                                        10
Criminal No. 97-271(HL)

## ACKNOWLEDGMENT

I, as attorney or record for the defendant listed below my name at the beginning of this

discovery letter acknowledge receipt of the discovery materials described herein, produced

under <u>Fed.R.Crim.P. 16</u>, and further acknowledge that said receipt constitutes a request for

such discovery materials under <u>Fed.R.Crim.P.</u>. It is understood that I reserve the right to file

any motion I deem appropriate.

I also agree to waive any claim that the aforementioned discovery package failed to

contain any evidence detailed herein, should receipt of this package be acknowledged by any

third party sent on my behalf as authorized by me.

I also do hereby acknowledge that it is the official policy of the United States Attorney

for the District of Puerto Rico that "Plea Agreements" between defendant and/or defendant's

counsel and the Government <u>are not valid and binding unless and until they have been</u>

<u>approved in writing and have been signed by the United States Attorney, Guillermo Gil, or by</u>

<u>AUSA Jorge Vega-Pacheco, Chief, Criminal Division.</u> The Office of the United States

Attorney is not bound nor responsible for any tentative agreements or representations that legal

counsel makes to a defendant prior to such formal agreement.

Attorney for Defendant
Date:

Re:    Criminal No. 97-271(HL)



U.S. Department of Justice

**Guillermo Gil**
*United States Attorney*
*District of Puerto Rico*

---

*Federico Degetau Federal Building, Room 452*          *(787) 766-5656*
*Carlos Chardon Avenue*
*Hato Rey, Puerto Rico 00918*

September 14, 1999

Thomas Lincoln, Esq.
Counsel for: Federico Naranjo-Rosa (2)

Francisco M. Dolz
Counsel for: Israel Ruiz-Cáceres (3)

Miguel A Montes-Díaz, Esq.
Counsel for: Luis Rivera-Rosario (4)

Ernesto Hernández-Milán, Esq.
Counsel for: Luis Pérez-Maldonado (6)

Carlos Pérez-Olivo, Esq.
Counsel for: Humberto Reyes-Pérez (9)

Robert W. Odasz, Esq.
Counsel for: Orlando Hernández (10)

Gustavo del Toro, Esq.
Counsel for: Carlos Collazo-Arroyo (11)

Rafael Castro-Lang, Esq.
Counsel for: Jesús Toro Santiago (16)

Juan Matos de Juan, Esq.
Counsel for: Angel Chevere-González (23)

Re:    <u>United States of America v. Carlos Gutierrez-Naranjo, et. al.</u>
       Criminal No. 97-271(HL)

Dear Counselor:

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, we are providing you with discovery in the above-referenced case.

As you are aware, Rule 16 generally entitles you to pretrial disclosure of certain categories of information in the possession of the United States.  They are as follows:

a.    Recorded and written statements made by the defendant before or after the arrest; and the substance of any oral statements made by the defendant to any person <u>known</u> to be a

Government agent;

b. A defendant's prior criminal record, if any;

c. Documents and tangible objects to be introduced by the United States during its case-in-chief, or taken from the possession of a defendant;

d. Reports of scientific tests and medical examination;

e. A written summary of expert witness(es) testimony.

As to the categories as set out above, the Government has a continuing duty to exercise due diligence in disclosing additional material which may later become known to us before trial of this case.

We respectfully remind you that Rule 16 also gives the Government a reciprocal right of discovery, compliance with which we will, or course, insist upon.

The Rule 16 materials that are being provided to you along with this letter, and which the United States designates pursuant to Rule 12(d) of the Federal Rules of Criminal Procedure, as evidence intended to be introduced at trial, are described below.

1. Surveillance log pertaining to defendant Carlos Collazo Arroyo on December 10, 1997 (1 page).

2. Surveillance log pertaining to vicinity of Atlas Electric Service on December 8, 1997 (2 pages).

3. Surveillance log pertaining to vicinity of Atlas Electric Service on December 10, 1997 (3 pages).

4. Surveillance log for December 9, 1997 by Special Agent Douglas F. Liss (4 pages).

5. FBI 302 report pertaining to surveillance at Luis Muñoz Marín International Airport (2 pages).

6. Surveillance log pertaining to Atlas Electric on December 9, 1997 (2 pages).

7. Surveillance log pertaining to Atlas Electric on December 8, 1997 (3 pages).

8. Surveillance log pertaining to Luis Muñoz Marín International Airport on April 21, 1997 (2 pages).

9. Surveillance log pertaining to Levittown, Puerto Rico dated April 24, 1997 (2 pages).

5

## ACKNOWLEDGMENT

I, as attorney or record for the defendant listed below my name at the beginning of this discovery letter acknowledge receipt of the discovery materials described herein, produced under <u>Fed.R.Crim.P. 16</u>, and further acknowledge that said receipt constitutes a request for such discovery materials under <u>Fed.R.Crim.P.</u>.  It is understood that I reserve the right to file any motion I deem appropriate.

I also agree to waive any claim that the aforementioned discovery package failed to contain any evidence detailed herein, should receipt of this package be acknowledged by any third party sent on my behalf as authorized by me.

I also do hereby acknowledge that it is the official policy of the United States Attorney for the District of Puerto Rico that "Plea Agreements" between defendant and/or defendant's counsel and the Government <u>are not valid and binding unless and until they have been approved in writing and have been signed by the United States Attorney, Guillermo Gil, or by AUSA Jorge Vega-Pacheco, Chief, Criminal Division.</u>  The Office of the United States Attorney is not bound nor responsible for any tentative agreements or representations that legal counsel makes to a defendant prior to such formal agreement.

Attorney for Defendant
Date:

Re:     Criminal No. 97-271(HL)



U.S. Department of Justice

*Guillermo Gil*
*United States Attorney*
*District of Puerto Rico*

---

*Federico Degetau Federal Building, Room 452*          *(787) 766-5656*
*Carlos Chardon Avenue*
*Hato Rey, Puerto Rico 00918*

September 14, 1999

Thomas Lincoln, Esq.
Counsel for: Federico Naranjo-Rosa (2)

Francisco M. Dolz
Counsel for: Israel Ruiz-Cáceres (3)

Miguel A Montes-Díaz, Esq.
Counsel for: Luis Rivera-Rosario (4)

Ernesto Hernández-Milán, Esq.
Counsel for: Luis Pérez-Maldonado (6)

Carlos Pérez-Olivo, Esq.
Counsel for: Humberto Reyes-Pérez (9)

Robert W. Odasz, Esq.
Counsel for: Orlando Hernández (10)

Gustavo del Toro, Esq.
Counsel for: Carlos Collazo-Arroyo (11)

Rafael Castro-Lang, Esq.
Counsel for: Jesús Toro Santiago (16)

Juan Matos de Juan, Esq.
Counsel for: Angel Chevere-González (23)

Re:    <u>United States of America v. Carlos Gutierrez-Naranjo, et. al.</u>
        Criminal No. 97-271(HL)

Dear Counselor:

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, we are providing you with discovery in the above-referenced case.

As you are aware, Rule 16 generally entitles you to pretrial disclosure of certain categories of information in the possession of the United States. They are as follows:

a.     Recorded and written statements made by the defendant before or after the arrest; and the substance of any oral statements made by the defendant to any person <u>known</u> to be a

Government agent;

b.    A defendant's prior criminal record, if any;

c.    Documents and tangible objects to be introduced by the United States during its case-in-chief, or taken from the possession of a defendant;

d.    Reports of scientific tests and medical examination;

e.    A written summary of expert witness(es) testimony.

As to the categories as set out above, the Government has a continuing duty to exercise due diligence in disclosing additional material which may later become known to us before trial of this case.

We respectfully remind you that Rule 16 also gives the Government a reciprocal right of discovery, compliance with which we will, or course, insist upon.

The Rule 16 materials that are being provided to you along with this letter, and which the United States designates pursuant to Rule 12(d) of the Federal Rules of Criminal Procedure, as evidence intended to be introduced at trial, are described below.

1.    Surveillance log pertaining to defendant Carlos Collazo Arroyo on December 10, 1997 (1 page).

2.    Surveillance log pertaining to vicinity of Atlas Electric Service on December 8, 1997 (2 pages).

3.    Surveillance log pertaining to vicinity of Atlas Electric Service on December 10, 1997 (3 pages).

4.    Surveillance log for December 9, 1997 by Special Agent Douglas F. Liss (4 pages).

5.    FBI 302 report pertaining to surveillance at Luis Muñoz Marín International Airport (2 pages).

6.    Surveillance log pertaining to Atlas Electric on December 9, 1997 (2 pages).

7.    Surveillance log pertaining to Atlas Electric on December 8, 1997 (3 pages).

8.    Surveillance log pertaining to Luis Muñoz Marín International Airport on April 21, 1997 (2 pages).

9.    Surveillance log pertaining to Levittown, Puerto Rico dated April 24, 1997 (2 pages).

3

10. Surveillance log pertaining to Puerto Rico Calle Rufino Martínez, Levittown, Puerto Rico dated April 22, 1997 (2 pages).

11. Surveillance log pertaining to Levittown, Puerto Rico dated April 23 1997 (2 pages).

12. Surveillance log pertaining to Calle Rufino Martínez, Levittown, Puerto Rico dated April 21, 1997.

13. Surveillance log pertaining to Levittown Lakes, Puerto Rico dated April 15, 1997.

14. Surveillance log pertaining to Levittown Lakes, Puerto Rico dated April 16, 1997.

15. Surveillance initiated at Levittown Lakes, Puerto Rico (two pages).

16. Request dated July 20, 1997 for fingerprint analysis for 9 mm Ruger handgun, magazine and ammunition.

17. Request dated July 20, 1997 for fingerprint analysis for altered automatic Cobray firearm, 9mm Astra handgun, magazines and ammunition.

18. Report of fingerprint analysis, dated August 31, 199 prepared by Hector Garcia Fontanet, Fingerprint Expert.

19. Report prepared by Agent Varwin dated 9/21/97 with the condition of the 1995 Nissan, Pathfinder.

20. Drawings prepared by Romualdo Rodriguez, Forensic Investigator, of 1995 Nissan, Pathfinder dated July 23, 1997 (3 pages).

21. Hand sketched diagram of Nissan, Pathfinder and notes (2 pages).

22. Photograph of Nissan, Pathfinder car seat containing bullet casings.

23. Property Inventory/Forfeited Property Appraisal Report dated 10/16/97 prepared by ATF Agent Ravelo (2 pages).

24. "Solicitud De Analisis" dated July 20, 1997, Laboratory # AF-97-1608 (2 pages)

25. "Recibo de Evidencia", 3 piezas, laboratory #AF-97-114 (1 page).

26. "Solicitud de Analisis" laboratory #AF-97-1141 (2 pages).

4

27.    "Custodia De Evidencia"#97-35 dated August 28, 1997.

28.    Photograph of ballistics.

29.    Photograph of Nissan, Pathfinder cargo area containing ballistics evidence.

The United States intends to introduce into evidence the above-listed discovery materials into evidence at the upcoming trial in the instant case pursuant to Rule 12(d)(1) of the Federal Rules of Criminal Procedure.

The Government recognizes its obligation under Brady V. Maryland, 373 U.S. 83 (1963) to divulge exculpatory evidence in a timely manner.  As of this date, no exculpatory evidence has been uncovered.  However, the government will provide any exculpatory evidence which may be uncovered in the future.

Sincerely,

GUILLERMO GIL
UNITED STATES ATTORNEY

Mark Irish
Assistant U. S. Attorney

5

## ACKNOWLEDGMENT

I, as attorney or record for the defendant listed below my name at the beginning of this discovery letter acknowledge receipt of the discovery materials described herein, produced under Fed.R.Crim.P. 16, and further acknowledge that said receipt constitutes a request for such discovery materials under Fed.R.Crim.P.. It is understood that I reserve the right to file any motion I deem appropriate.

I also agree to waive any claim that the aforementioned discovery package failed to contain any evidence detailed herein, should receipt of this package be acknowledged by any third party sent on my behalf as authorized by me.

I also do hereby acknowledge that it is the official policy of the United States Attorney for the District of Puerto Rico that "Plea Agreements" between defendant and/or defendant's counsel and the Government are not valid and binding unless and until they have been approved in writing and have been signed by the United States Attorney, Guillermo Gil, or by AUSA Jorge Vega-Pacheco, Chief, Criminal Division. The Office of the United States Attorney is not bound nor responsible for any tentative agreements or representations that legal counsel makes to a defendant prior to such formal agreement.

Attorney for Defendant
Date:

Re:     Criminal No. 97-271(HL)



U.S. Department of Justice

***Guillermo Gil***
*United States Attorney*
*District of Puerto Rico*

---

*Federico Degetau Federal Building, Room 452*          *(787) 766-5656*
*Carlos Chardon Avenue*
*Hato Rey, Puerto Rico 00918*

September 13, 1999

Thomas Lincoln, Esq.
Counsel for: Federico Naranjo-Rosa (2)

Francisco M. Dolz
Counsel for: Israel Ruiz-Cáceres (3)

Miguel A Montes-Díaz, Esq.
Counsel for: Luis Rivera-Rosario (4)

Ernesto Hernández-Milán, Esq.
Counsel for: Luis Pérez-Maldonado (6)

Carlos Pérez-Olivo, Esq.
Counsel for: Humberto Reyes-Pérez (9)

Robert W. Odasz, Esq.
Counsel for: Orlando Hernández (10)

Gustavo del Toro, Esq.
Counsel for: Carlos Collazo-Arroyo (11)

Rafael Castro-Lang, Esq.
Counsel for: Jesús Toro Santiago (16)

Juan Matos de Juan, Esq.
Counsel for: Angel Chevere-González (23)

Re:    <u>United States of America v. Carlos Gutierrez-Naranjo, et. al.</u>
        Criminal No. 97-271(HL)

Dear Counselor:

        Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, we are providing you with discovery in the above-referenced case.

        As you are aware, Rule 16 generally entitles you to pretrial disclosure of certain categories of information in the possession of the United States. They are as follows:

        a.        Recorded and written statements made by the defendant before or after the arrest; and the substance of any oral statements made by the defendant to any person <u>known</u> to be a

Government agent;

b.     A defendant's prior criminal record, if any;

c.     Documents and tangible objects to be introduced by the United States during its case-in-chief, or taken from the possession of a defendant;

d.     Reports of scientific tests and medical examination;

e.     A written summary of expert witness(es) testimony.

As to the categories as set out above, the Government has a continuing duty to exercise due diligence in disclosing additional material which may later become known to us before trial of this case.

We respectfully remind you that Rule 16 also gives the Government a reciprocal right of discovery, compliance with which we will, or course, insist upon.

The Rule 16 materials that are being provided to you along with this letter, and which the United States designates pursuant to Rule 12(d) of the Federal Rules of Criminal Procedure, as evidence intended to be introduced at trial, are described below.

1.     Toll records for telephone numbers 840-0946 and 842-6897 (PRTC).

2.     Copy of notebooks seized at time of arrest of Angel Chevere González. (The notebooks are believed to contain drug ledgers).

3.     Seven fingerprint cards pertaining to defendants in the instant case.

4.     Subscriber information for telephone no. 504-3804 and other cellular telephones (Cellular One).

5.     Subscriber information for telephone nos. 795-0361, 731-0942 and other telephone numbers (PRTC).

6.     Subscriber information for telephone no. 250-0110 and other telephone numbers (PRTC).

7.     Subscriber information for telephone number504-3803 (Cellular One.)

8.     Subscriber information for 249-0513 and other telephone numbers.

9.     Subscriber information for (407)399-6330 (AT&T Wireless).

10.     Subscriber information for 308-0381 and other telephone numbers (Cellular One).

3

11.    Subscriber information for telephone no. 403-0996 (Cellular One).

12.    Subscriber information for telephone no. 788-1154 and other telephone numbers.

13.    Statement of Federico Naranjo-Rosa (one page).

14.    List of telephone numbers which defendants are authorized to call in MDC - Guaynabo.

15.    Payroll records of Federico Naranjo Rosa and comparison of wiretapped phone calls of Federico Naranjo Rosa at his hom with payroll records of his hours "worked".

16.    MDC toll records for Luis Pérez-Maldonado, Juan Domenech-Domenech, Israel Ruiz Caceres, Miguel Izagas-Cruz, Carlos Collazo-Feliz, Lisandro Pérez-Carrasquillo, Luis Rivera-Rosario, Jorge Gómez-Feliz, Lisandro Perez Carrasquillo, Humberto Reyes-Reyes, Angel Chevere González and Federico Naranjo Rosa.

17.    Testimony of Ricardo Medina in US v. Mery Valencia, Southern District of New York.

18.    Toll records for telephone numbers 484-4158, 375-1858 and 268-4322 (PRTC).

19.    Toll records for 795-4164, 735-3284, 788-2658 and 788-1154 (PRTC).

20.    Copies of notebooks recovered from Angel Chevere-González at the time of his arrest.

21.    Copies of subscriber information for 847-5169, 847-3066, 847-5929 and 788-5095 (PRTC).

22.    Copy of subscriber information and toll records for 482-0894, 723-3102, 825-8661 and 614-1067 (PRTC).

23.    Copy of subscriber information and toll records for cellular telephone number 642-2496 (Centennial).

24.    FBI 302 report, search warrant, FBI Lab Report, Application, Affidavit, and attached computer print-out of names, addresses and telephone numbers.

25.    FBI 302 report of Carlos Rosario Rivas of interview dated September 1, 1999.

26.    ATF Report regarding interview of José Ortiz Vargas dated October 17, 1997.

4

27.   ATF report regarding interview of Primitivo Rivera-Hernández dated October 17, 1997.

28.   ATF report regarding interview of Ernesto J. Barrios dated October 16, 1997.

29.   ATF report regarding interview of Valwin Alvarado dated October 16, 1997.

30.   ATF report regarding interview of María Aguilar dated October 14, 1997.

31.   ATF report regarding interview of Ramón Vázquez-Chamorro dated October 7, 1997.

32.   ATF report regarding ATF assistance in investigation of Pérez-Maldonado and González-Nuñez dated September 3, 1997.

33.   Handwritten notes of Agt. Varwin Alvarado.

34.   Handwritten notes pertaining to cooperating witness, Daniel Sánchez Ortiz.

35.   Copy of portion of telephone notebook belonging to Diana Monsalve.

36.   Sentence of Daniel Sánchez Ortiz.

37.   Police reports, court documents and photos relating Commonwealth case of Daniel Sánchez Ortiz.  Reports include "Certificado de Análisis Químico Forense," "Prueba de Campo", police report w/ No. 94-3-400-00256, three pages of "Propiedad Ocupada" etc.

38.   Copy of photograph of Fabio Cordova Rua.

39.   DEA-6 report pertaining to search warrant at Daniel Sánchez Ortiz' residence.

40.   Notebooks and papers relating to search warrant conducted at residence of Daniel Sánchez-Ortiz Notebooks and papers are believed to be drug ledgers.

41.   Handwritten notes relating to Daniel Sánchez Ortiz.

42.   DEA-6 report relating to execution of search warrant at residence of Daniel Sánchez Ortiz.

43.   Subscriber information for cellular telephone (407)721-3521 (Bell South Mobility)

44.   Subscriber information for telephone number (787)279-1353 and other telephone

5

numbers (PRTC).

45.    Subscriber information for 250-2987, 795-0361, 735-3284 and other telephone
       numbers (PRTC).

46.    Subscriber information and toll records for 795-4164 and subscriber information
       for beeper no. (787)519-4449.

47.    Subscriber information pertaining to telephone number (305)558-9436.

48.    Photograph of Jesús Toro Santiago

49.    Seven photographs of residence of Jesús Toro Santiago.

50.    Five photographs of Luis Perez-Maldonado.

51.    Various photographs of inside residence of Jesús Toro Santiago.

52.    Cooperation Agreement of Alberto Negrón Constantino.

53.    Trial testimony of Daniel Sánchez-Ortiz.

54.    Transcript and translation of telephone call No. 2010 in which Alberto Negron
       Contantino is recorded  pursuant to a wiretap investigation relating to Criminal
       No. 97-229 (JAF).

55.    Transcript and translation of telephone call No. 2011 in which Alberto Negron
       Contantino is recorded  pursuant to a wiretap investigation relating to Criminal
       No. 97-229 (JAF).

56.    Transcript and translation of telephone call No. 1103 in which Alberto Negron
       Contantino is recorded  pursuant to a wiretap investigation relating to Criminal
       No. 97-229 (JAF).

The United States hereby advises the parties that with respect to Daniel Sánchez Ortiz, it
has recommended that his state sentence run concurrently with his federal sentence in exchange
for his cooperation in homicide cases which the Commonwealth is investigating.

The United States also hereby advises that when Alberto Negron  Constantino was asked
by his probation officer whether he owned any properties, he denied owning any properties.  This
was prior to entering into a cooperation agreement with the United States.  Today, Negron
Constantino admitted to owning a property worth approximately $75,000 in Puerto Rico where
members of his family presently live.  The property is not registered under his name.

6

The United States intends to introduce into evidence the above-listed discovery materials into evidence at the upcoming trial in the instant case pursuant to Rule 12(d)(1) of the Federal Rules of Criminal Procedure.

The Government recognizes its obligation under <u>Brady V. Maryland,</u> 373 U.S. 83 (1963) to divulge exculpatory evidence in a timely manner.  As of this date, no exculpatory evidence has been uncovered.  However, the government will provide any exculpatory evidence which may be uncovered in the future.

Sincerely,

GUILLERMO GIL
UNITED STATES ATTORNEY

Mark Irish
Assistant U. S. Attorney

7

## ACKNOWLEDGMENT

I, as attorney or record for the defendant listed below my name at the beginning of this discovery letter acknowledge receipt of the discovery materials described herein, produced under Fed.R.Crim.P. 16, and further acknowledge that said receipt constitutes a request for such discovery materials under Fed.R.Crim.P.. It is understood that I reserve the right to file any motion I deem appropriate.

I also agree to waive any claim that the aforementioned discovery package failed to contain any evidence detailed herein, should receipt of this package be acknowledged by any third party sent on my behalf as authorized by me.

I also do hereby acknowledge that it is the official policy of the United States Attorney for the District of Puerto Rico that "Plea Agreements" between defendant and/or defendant's counsel and the Government are not valid and binding unless and until they have been approved in writing and have been signed by the United States Attorney, Guillermo Gil, or by AUSA Jorge Vega-Pacheco, Chief, Criminal Division. The Office of the United States Attorney is not bound nor responsible for any tentative agreements or representations that legal counsel makes to a defendant prior to such formal agreement.

Attorney for Defendant
Date:

Re:    Criminal No. 97-271(HL)



U.S. Department of Justice

***Guillermo Gil***
*United States Attorney*
*District of Puerto Rico*

---

*Federico Degetau Federal Building, Room 452*          *(787) 766-5656*
*Carlos Chardon Avenue*
*Hato Rey, Puerto Rico 00918*

September 13, 1999

Gustavo A. Del Toro, Esq.

Re:    United States v. Carlos Collazo, et al
       Criminal No. 97-271(HL)
       Supplemental Discovery Package

Dear Counselor:

In reference to the above and at your request, we are providing you with certain materials to which your client is entitled pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

As you are aware, Rule 16 generally entitles you to pretrial disclosure of certain categories of information in the possession of the United States of America. They are as follows:

a. Recorded and written statements made by the defendant before or after the arrest;

b. The substance of any oral statements made by the defendant to any person known to be an agent of the United States;

c. Documents and tangible objects to be introduced by the United States during its case-in-chief, or taken from the possession of the defendant; and

d. Reports of scientific tests and medical examination.

As to the categories as set out above, the United States of America has a continuing duty to exercise due diligence in disclosing material which may later become known to us before the trial of this case. We respectfully remind you that Rule 16 also gives the United States of America a reciprocal right of discovery, compliance with which we will, of course, insist upon.

The Rule 16 material, which is being provided to you, are described as follows:

2

A. Cassettes tapes which contain tape recordings of telephone conversations of the defendants in the instant case.  The tapes are marked as follows:

| Defendant's Alias | Telephone No. Called |
|---|---|
| 1.    Carli | 788-3233 |

The United States intends to introduce into evidence the above-listed discovery materials as well as all other discovery materials provided previously at the upcoming trial pursuant to Rule 12(d)(1) of the Federal Rules of Criminal Procedure.

The United States of America recognizes its obligation under Brady v. Maryland, 373 U.S. 83 (1963), to divulge exculpatory evidence in a timely manner.  As of this date, no exculpatory evidence has been uncovered.  However, the United States of America will provide any exculpatory evidence which may be uncovered in the future.

Respectfully,

GUILLERMO GIL
United States Attorney

Mark Irish
Assistant U.S. Attorney

3

## ACKNOWLEDGMENT

I, as attorney of record for the above mentioned defendant hereby request discovery under F.R.Cr.P. 16 and acknowledge receipt of this letter and certain material. It is understood that I reserve the right to file any motion I deem appropriate.

I also do hereby acknowledge that it is the official policy of the Office of the United States Attorney for the District of Puerto Rico that "Plea Agreements" between defendant and/or defendant's counsel and the Government are not valid and binding until after they have been approved in writing and signed by the United States Attorney, Guillermo Gil, or by AUSA Jorge E. Vega-Pacheco, Chief, Criminal Division. The Office of the United States Attorney is not bound nor responsible for any tentative agreements or representations that legal counsel makes to a defendant prior to such formal agreement.

In the event that the instant discovery package is retrieved by a third-party representative of Counsel for the defendant, Counsel for the defendant and the defendant hereby expressly waive any and all claims concerning non-receipt of discovery materials and agree that they shall be precluded from arguing at any court proceeding or requesting any remedy from the court based upon a claim that the instant discovery package does not contain all of the discovery materials described herein or that same was not received.

Attorney for Defendant

Date:



U.S. Department of Justice

**Guillermo Gil**
*United States Attorney*
*District of Puerto Rico*

---

*Federico Degetau Federal Building, Room 452*          *(787) 766-5656*
*Carlos Chardon Avenue*
*Hato Rey, Puerto Rico 00918*

August 24, 1999

Thomas Lincoln, Esq.
Counsel for: Federico Naranjo-Rosa (2)

Francisco M. Dolz
Counsel for: Israel Ruiz-Cáceres (3)

Miguel A Montes-Díaz, Esq.
Counsel for: Luis Rivera-Rosario (4)

Ernesto Hernández-Milán, Esq.
Counsel for: Luis Pérez-Maldonado (6)

Zygmunt G. Slominski, Esq.
Counsel for: Juan Domenech-Rodríguez (8)

Carlos Pérez-Olivo, Esq.
Counsel for: Humberto Reyes-Pérez (9)

Robert W. Odasz, Esq.
Counsel for: Orlando Hernández (10)

Gustavo del Toro, Esq.
Counsel for: Carlos Collazo-Arroyo (11)

Rafael Castro-Lang, Esq.
Counsel for: Jesús Toro Santiago (16)

Juan A. Pedrosa-Trapaga, Esq.
Counsel for: Juan Rafael Andujar (18)

Juan Matos de Juan, Esq.
Counsel for: Angel Chevere-González (23)

Re:    <u>United States of America v. Carlos Gutierrez-Naranjo, et. al.</u>
       Criminal No. 97-271(HL)

Dear Counselor:

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, we are providing you with
discovery in the above-referenced case.

As you are aware, Rule 16 generally entitles you to pretrial disclosure of certain categories of information in the possession of the United States. They are as follows:

a.    Recorded and written statements made by the defendant before or after the arrest; and the substance of any oral statements made by the defendant to any person known to be a Government agent;

b.    A defendant's prior criminal record, if any;

c.    Documents and tangible objects to be introduced by the United States during its case-in-chief, or taken from the possession of a defendant;

d.    Reports of scientific tests and medical examination;

e.    A written summary of expert witness(es) testimony.

As to the categories as set out above, the Government has a continuing duty to exercise due diligence in disclosing additional material which may later become known to us before trial of this case.

We respectfully remind you that Rule 16 also gives the Government a reciprocal right of discovery, compliance with which we will, or course, insist upon.

The Rule 16 materials that are being provided to you along with this letter, and which the United States designates pursuant to Rule 12(d) of the Federal Rules of Criminal Procedure, as evidence intended to be introduced at trial, are described below.

1.    Copy of four pages of letter - first page not recovered.

2.    Copy of "Cover Sheet" with attached chart.

3.    Copy of two pages with first names and telephone numbers.

4.    Copy of Buenos Aires Enterprise, Inc., Import/Export listing of perfumes.

5.    Copy of Birth Certificate for Antonio Rivera-Rivera.

6.    Copy of telephone bill for Oneida Ruiz.

7.    Copy of black address book.

8.    Copy of driver's license with Antonio Rivera.

9.    Copy of cover of Amateur Radio Catalog.

3

10.   Copy of prescription and two business cards.

11.   Various listings of prices of colognes, aftershaves and fragances.

12.   Telephone toll records for Edgar Cardena Vega of Aibonito, Puerto Rico.

13.   Various papers which include hotel bill from Del Recy Inn in Mexico and ATT telephone bill of George Alvernia.

14.   Grand jury testimony of Special Agent Carlos Cases dated:

> September 3, 1997
> September 17, 1997
> October 1, 1997
> October 14, 1997
> October 15, 1997
> November 12, 1997
> December 10, 1997

15.   Grand jury testimony of María del Socorro Aguilar.

16.   Grand jury testimony of Brunilda Canal Aldarondo.

17.   Redacted grand jury testimony of cooperating witness known to the government. The witness will be identified one week before trial if the United States calls said witness in its case-in-chief.

18.   Redacted grand jury testimony of second cooperating witness known to the government.  The witness will be identified one week before trial if the United States calls said witness in its case-in-chief.

19.   Copy of grand jury testimony of Varwin Alvarado.

20.   Copy of grand jury testimony of José R. Ortiz-Vargas.

21.   Copy of grand jury testimony of Primitivo Rivera-Hernandez.

22.   Copy of grand jury testimony of Narcisus Ocasio Parra.

23.   Copy of grand jury testimony of Ramón Vazquez-Chamorro.

24.   Copy of grand jury testimony of Aurelio Acosta Romero.

25.    Grand jury testimony of Miguel Angel Torres-Arroyo.

4

26.    Grand jury testimony of Dimas Santiago-Santiago.

The United States intends to introduce into evidence the above-listed discovery materials into evidence at the upcoming trial in the insant case pursuant to Rule 12(d)(1) of the Federal Rules of Criminal Procedure. In this regard, and also pursuant to Rule 12(d)(1), the United States also intends to introduce into evidence the three cellular telephones recovered from Israel Ruiz-Caceres (Defendant No. 2) at the time of his arrest in Florida.

27.    Toll records for residential telephone of Jesús Toro-Santiago.

The Government recognizes its obligation under Brady V. Maryland, 373 U.S. 83 (1963) to divulge exculpatory evidence in a timely manner. As of this date, no exculpatory evidence has been uncovered. However, the government will provide any exculpatory evidence which may be uncovered in the future.

Sincerely,

GUILLERMO GIL
UNITED STATES ATTORNEY

Mark Irish
Assistant U. S. Attorney

5

## ACKNOWLEDGMENT

I, as attorney or record for the defendant listed below my name at the beginning of this discovery letter acknowledge receipt of the discovery materials described herein, produced under Fed.R.Crim.P. 16, and further acknowledge that said receipt constitutes a request for such discovery materials under Fed.R.Crim.P.. It is understood that I reserve the right to file any motion I deem appropriate.

I also agree to waive any claim that the aforementioned discovery package failed to contain any evidence detailed herein, should receipt of this package be acknowledged by any third party sent on my behalf as authorized by me.

I also do hereby acknowledge that it is the official policy of the United States Attorney for the District of Puerto Rico that "Plea Agreements" between defendant and/or defendant's counsel and the Government are not valid and binding unless and until they have been approved in writing and have been signed by the United States Attorney, Guillermo Gil, or by AUSA Jorge Vega-Pacheco, Chief, Criminal Division. The Office of the United States Attorney is not bound nor responsible for any tentative agreements or representations that legal counsel makes to a defendant prior to such formal agreement.

Attorney for Defendant

Date:

Re:    Criminal No. 97-271(HL)

U.S. Department of Justice

**Guillermo Gil**
*United States Attorney*
*District of Puerto Rico*

---

*Federico Degetau Federal Building, Room 452*      *(787) 766-5656*
*Carlos Chardon Avenue*
*Hato Rey, Puerto Rico 00918*

November 18, 1998

TO:  SEE LIST OF ATTORNEYS AND
      DEFENDANTS BELOW.

    Re:    **United States v. Carlos Gutierrez Naranjo, et al.**
           **Criminal No. 97-271(CC)**
           **Additional Discovery**

Dear Counselors:

    In reference to the above and at your request, we are providing you with additional material to which your client is entitled pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

    As you are aware, Rule 16 generally entitles you to pretrial disclosure of certain categories of information in the possession of the United States of America.  They are as follows:

        a.  Recorded and written statements made by the defendant before or after the arrest;

        b.  The substance of any oral statements made by the defendant to any person known to be an agent of the United States;

        c.  Documents and tangible objects to be introduced by the United States during its case-in-chief, or taken from the possession of the defendant; and

        d.  Reports of scientific tests and medical examination.

    As to the categories as set out above, the United States of America has a continuing duty to exercise due diligence in disclosing material which may later become known to us before the trial of this case.

    We respectfully remind you that Rule 16 also gives the United states of America a reciprocal right of discovery, compliance with which we will, of course, insist upon.

U.S. v. Carlos Gutierrez Naranjo, et al.
Criminal No. 97-271(CC)
Additional Discovery Package
Page 2

The Rule 16 material, which is being provided to you, is described as follows:

1.      Copy of "Certificado de Analisis Quimico Forense" dated February 6, 1998 relating to recovery of illegal narcotics from defendant Angel L. Villodas at his residence. (Three (3) pages).

2.      Copy of laboratory report relating to seizure of 840 kilograms on July 20, 1996, in the vicinity of Fajardo, Puerto Rico. (One (1) page).

3.      Copy of results of examination report dated November 7, 1996, relating to seizure of 840 kilograms on July 20, 1996. (Two (2) pages).

4.      Copy of results of examination report dated December 5, 1996, relating to seizure of 840 kilograms on July 20, 1996. (Two (2) pages).

5.      Copy of photograph of defendant Luis A. Perez-Maldonado, aka "IA," taken from newspaper, El Vocero. The photograph was taken on July 20, 1997. (One (1) page).

6.      Various crime scene photographs taken on July 20, 1998.

7.      Copy of report captioned "Certificado de Analisis Seccion de Armas de Fuegos" relating to firearms recovered on July 20, 1998. (One (1) page).

8.      Copy of Florida license for Orlando Hernandez. (One (1) page.)

9.      FBI Consent to search signed by Carolina Hernandez and dated December 11, 1997. (One (1) page).

10.     Advise of rights form dated December 11, 1997 (pertaining to defendant Orlando Hernandez). (One (1) page).

11.     Handwritten telephone numbers. (Three (3) pages).

12.     Copies of to business cards with names Jose Castro and Orlando Herandez with handwriting on back of each card. (Two (2) pages).

U.S. v. Carlos Gutierrez Naranjo, et al.
Criminal No. 97-271(CC)
**Additional Discovery Package**
**Page 3**

13.    Copy of State of Florida Department State certification of Stealth Marine Performance, Corp.  (Four (4) pages).

14.    Copy of handwritten notes dated 5/21/97.  (Twelve (12) pages).

15.    Copy of FBI Receipt for Property Received/Reboard/Seized dated 12/11/97.  (One (1) page).

The United States intends to introduce at trial the above-listed materials and information contained therein, including any statements and illegal narcotics described in those materials, and the United States hereby designates such materials and information in accordance with Rule 12(d)(1) of the Federal Rules of Criminal Procedure.  All physical evidence may be inspected by prior appointment with the undersigned during regular weekday business hours.

Respectfully,

GUILLERMO GIL
United States Attorney

Mark Irish
Assistant U.S. Attorney

## COUNSEL LIST

Thomas Lincoln, Esq.
P.O. Box 363852
San Juan, Puerto Rico 00936-3852

**Counsel for defendant:**
 **(2) Federico Naranjo-Rosa aka "PAPO"**


Francisco M. Dolz-Sánchez, Esq.
P.O. Box 361451
San Juan, Puerto Rico  00936-1451

**Counsel for defendant:**
 **(3) Israel Ruiz-Caceres aka "EL VIEJO"**


Miguel A. Montes-Diaz, Esq.
57 Esteban Padilla
Bayamón, Puerto Rico  00959

**Counsel for defendant:**
 **(4) Luis Rivera Rosario aka "NEGRI"**


Ernesto Hernández, Esq.
201 De Diego Avenue
Suite 211
Plaza San Francisco
San Juan, Puerto Rico  00927

**Counsel for defendant:**
 **(6) Luis Pérez-Maldonado aka "IA"**


Zygmunt G. Slominski, Esq.
Suite #191
Garden Hills Plaza
S/C #1353 Carr. #19
Guaynabo, Puerto Rico  00966

**Counsel for defendant:**
 **(8) Juan Domenench-Rodriguez aka "PUCHO"**

Carlos Perez-Olivo, Esq.
P.O. Box 3264
Carolina, Puerto Rico 00984-3264

**Counsel for defendant:**
 **(9) Humberto Reyes-Perez aka "CUCA"**


Robert W. Odasz, Esq.
6616 Ave. Isla Verde
Suite 303
Carolina, Puerto Rico  00979

**Counsel for defendant:**
 **(10) Orlando Hernandez**


Gustavo A. Del Toro, Esq.
GPO Box 366338
San Juan, Puerto Rico 00936

**Counsel for defendant:**
 **(11) Carlos Collazo Arroyo aka "CARLI"**


Rafael Anglada-Lopez, Esq.
P.O. Box 194886
Hato Rey, Puerto Rico  00919

**Counsel for defendant:**
 **(12) Ruben Salazar Gonzalez aka "JEILLO"**


Edgardo L. Rivera-Rivera, Esq.
P.O. Box 360764
San Juan, Puerto Rico  00936-0764

**Counsel for defendant:**
 **(13) Miguel Izagas Cruz aka "CHUCO"**

Rachel Brill, Esq.
Mercantil Plaza Building
Suite 1113
Avenue Ponce de Leon
Hato Rey, Puerto Rico  00918

**Counsel for defendant:**
 **(14) Julio Enrique Nieves-Naranjo aka "KIKITO"**


Rafael F. Castro-Lang, Esq.
Gallardo Condominium
Suite 302
Old San Juan, Puerto Rico 00901

**Counsel for defendant:**
 **(16) Jesus Toro Santiago aka "CHU"**


Bruce McGiverin, Esq.
Mercantil Plaza Building, Suite 1113
Ponce de León Avenue
Hato Rey, Puerto Rico  00918

**Counsel for defendant**
 **(17) Jose Montañez Rosado aka "CHE"**


Juan A. Pedrosa-Trapaga, Esq.
P.O. Box 366536
San Juan, Puerto Rico  00936-6536


**Counsel for defendant:**
 **(18) Juan Rafael Andujar aka "RAFI"**


Jorge Diaz-Reveron, Esq.
204 Avenida Domenech
Hato Rey, Puerto Rico 00918

**Counsel for defendant:**
 **(19) Jorge M. Gomez Feliz aka "FELIX""**

Ramón Garay, Esq.
Arzuaga #3, Suite 200
Rio Piedras, Puerto Rico  00925

**Counsel for defendant:**
 **(20) Fabian Claudio Naranjo aka "FANNY"**


Teodoro Méndez-Lebron, Esq.
#259 Ing. Ramón Ramos
Urb. Roosevelt
Hato Rey, Puerto Rico  00918

**Counsel for defendant:**
 **(21) Angel Luis Villodad Laureano aka "GUILO"**


Jorge Izquierdo San Miguel, Esq.
Izquierdo Stella & Izquierdo San Miguel
Calle San Justo 202A
MSC 180
San Juan, Puerto Rico  00941-1711

**Counsel for defendant:**
 **(22) Lisandro Perez Carrasquillo aka "SANDRO"**


Juan F. Matos de Juan, Esq.
MSC #226
#5-B Ave. Esmeralda
Guaynabo, Puerto Rico 00969-4457

**Counsel for defendant:**
 **(23) Angel Chevere-González aka "CHEVERE"**

## ACKNOWLEDGMENT

I, as attorney of record for the above mentioned defendant hereby request discovery under F.R.Cr.P. 16 and acknowledge receipt of this letter and certain material.  It is understood that I reserve the right to file any motion I deem appropriate.

I also do hereby acknowledge that it is the official policy of the Office of the United States Attorney for the District of Puerto Rico that "Plea Agreements" between defendant and/or defendant's counsel and the Government are not valid and binding until after they have been approved in writing and signed by the United States Attorney, Guillermo Gil, or by AUSA Jorge E. Vega-Pacheco, Chief, Criminal Division.  The Office of the United States Attorney is not bound nor responsible for any tentative agreements or representations that legal counsel makes to a defendant prior to such formal agreement.

In the event that the instant discovery package is retrieved by a third-party representative of Counsel for the defendant, Counsel for the defendant and the defendant hereby expressly waive any and all claims concerning non-receipt of discovery materials and agree that they shall be precluded from arguing at any court proceeding or requesting any remedy from the court based upon a claim that the instant discovery package does not contain all of the discovery materials described herein or that same was not received.

Attorney for Defendant

Date:

Re:    **United States v. Carlos Gutierrez Naranjo, et al.
Criminal No. 97-271(CC)
Additional Discovery Package**

U.S. Department of Justice

**Guillermo Gil**
*United States Attorney*
*District of Puerto Rico*

---

Federico Degetau Federal Building, Room 452          *(787) 766-5656*
Carlos Chardon Avenue
Hato Rey, Puerto Rico 00918

December 14, 1998

TO:  SEE LIST OF ATTORNEYS AND
       DEFENDANTS BELOW.

    **Re:**    **United States v. Carlos Gutierrez Naranjo, et al.**
             **Criminal No. 97-271(CC)**
             **Additional Discovery**

Dear Counselors:

    In reference to the above and at your request, we are providing you with additional material to which your client is entitled pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

    As you are aware, Rule 16 generally entitles you to pretrial disclosure of certain categories of information in the possession of the United States of America.  They are as follows:

    a.  Recorded and written statements made by the defendant before or after the arrest;

    b.  The substance of any oral statements made by the defendant to any person <u>known</u> to be an agent of the United States;

    c.  Documents and tangible objects to be introduced by the United States during its case-in-chief, or taken from the possession of the defendant; and

    d.  Reports of scientific tests and medical examination.

    As to the categories as set out above, the United States of America has a continuing duty to exercise due diligence in disclosing material which may later become known to us before the trial of this case.

    We respectfully remind you that Rule 16 also gives the United states of America a reciprocal right of discovery, compliance with which we will, of course, insist upon.

U.S. v. Carlos Gutierrez Naranjo, et al.
Criminal No. 97-271(CC)
Additional Discovery Package
Page 2

The Rule 16 material, which is being provided to you, is described as follows:

1.    Business cards and telephone numbers recovered from defendant Luis
Rivera-Rosario aka "Negri." (Sixty-one (61) pages).

2.    Surveillance notes from Isleta Marina in Fajardo, Puerto Rico. (Fifty-
seven (57) pages).

3.    Copy of letter from Lotería de Puerto Rico indicating lottery winnings of
defendants Luia A. Ruiz-Maldonado and Carlos Gutierrez Naranjo with
attached copies of her lottery tickets. Records indicate that as of the date
of this Rule 16 letter that there were no lottery winning for any of the other
defendant's in this case. (Five (5) pages).

4.    Certificacion de Radicacion de Planillas pertaining to defendant Luis A.
Luis A. Perez-Maldonado dated April 24, 1997. (One (1) page).

5.    Certificacion de Radicacion de Planillas pertaining to defendant Luis A.
Perez-Maldonado dated May 9, 1997. (One (1) page).

6.    Certificacion de Radicacion de Planillas pertaining to defendant Carlos
Guitierrez Naranjo. (Two (2) pages).

The United States intends to introduce at trial the above-listed materials and
information contained therein, including any statements and illegal narcotics described
in those materials, and the United States hereby designates such materials and
information in accordance with Rule 12(d)(1) of the Federal Rules of Criminal
Procedure. All physical evidence may be inspected by prior appointment with the
undersigned during regular weekday business hours.

Respectfully,

GUILLERMO GIL
United States Attorney

Mark Irish
Assistant U.S. Attorney

## COUNSEL LIST

Thomas Lincoln, Esq.
P.O. Box 363852
San Juan, Puerto Rico 00936-3852

**Counsel for defendant:**
 **(2) Federico Naranjo-Rosa aka "PAPO"**


Francisco M. Dolz-Sánchez, Esq.
P.O. Box 361451
San Juan, Puerto Rico  00936-1451

**Counsel for defendant:**
 **(3) Israel Ruiz-Caceres aka "EL VIEJO"**


Miguel A. Montes-Diaz, Esq.
57 Esteban Padilla
Bayamón, Puerto Rico  00959

**Counsel for defendant:**
 **(4) Luis Rivera Rosario aka "NEGRI"**


Ernesto Hernández, Esq.
201 De Diego Avenue
Suite 211
Plaza San Francisco
San Juan, Puerto Rico  00927

**Counsel for defendant:**
 **(6) Luis Pérez-Maldonado aka "IA"**


Zygmunt G. Slominski, Esq.
Suite #191
Garden Hills Plaza
S/C #1353 Carr. #19
Guaynabo, Puerto Rico  00966

**Counsel for defendant:**
 **(8) Juan Domenench-Rodriguez aka "PUCHO"**

Carlos Perez-Olivo, Esq.
P.O. Box 3264
Carolina, Puerto Rico 00984-3264

**Counsel for defendant:**
 **(9) Humberto Reyes-Perez aka "CUCA"**


Robert W. Odasz, Esq.
6616 Ave. Isla Verde
Suite 303
Carolina, Puerto Rico  00979

**Counsel for defendant:**
 **(10) Orlando Hernandez**


Gustavo A. Del Toro, Esq.
GPO Box 366338
San Juan, Puerto Rico 00936

**Counsel for defendant:**
 **(11) Carlos Collazo Arroyo aka "CARLI"**


Rafael Anglada-Lopez, Esq.
P.O. Box 194886
Hato Rey, Puerto Rico  00919

**Counsel for defendant:**
 **(12) Ruben Salazar Gonzalez aka "JEILLO"**


Edgardo L. Rivera-Rivera, Esq.
P.O. Box 360764
San Juan, Puerto Rico  00936-0764

**Counsel for defendant:**
 **(13) Miguel Izagas Cruz aka "CHUCO"**

Rachel Brill, Esq.
Mercantil Plaza Building
Suite 1113
Avenue Ponce de Leon
Hato Rey, Puerto Rico  00918

**Counsel for defendant:**
 **(14) Julio Enrique Nieves-Naranjo aka "KIKITO"**


Rafael F. Castro-Lang, Esq.
Gallardo Condominium
Suite 302
Old San Juan, Puerto Rico 00901

**Counsel for defendant:**
 **(16) Jesus Toro Santiago aka "CHU"**


Bruce McGiverin, Esq.
Mercantil Plaza Building, Suite 1113
Ponce de León Avenue
Hato Rey, Puerto Rico  00918

**Counsel for defendant**
 **(17) Jose Montañez Rosado aka "CHE"**


Juan A. Pedrosa-Trapaga, Esq.
P.O. Box 366536
San Juan, Puerto Rico  00936-6536


**Counsel for defendant:**
 **(18) Juan Rafael Andujar aka "RAFI"**


Jorge Diaz-Reveron, Esq.
204 Avenida Domenech
Hato Rey, Puerto Rico 00918

**Counsel for defendant:**
 **(19) Jorge M. Gomez Feliz aka "FELIX""**

Ramón Garay, Esq.
Arzuaga #3, Suite 200
Rio Piedras, Puerto Rico  00925

**Counsel for defendant:**
 **(20) Fabian Claudio Naranjo aka "FANNY"**


Teodoro Méndez-Lebron, Esq.
#259 Ing. Ramón Ramos
Urb. Roosevelt
Hato Rey, Puerto Rico  00918

**Counsel for defendant:**
 **(21) Angel Luis Villodad Laureano aka "GUILO"**


Jorge Izquierdo San Miguel, Esq.
Izquierdo Stella & Izquierdo San Miguel
Calle San Justo 202A
MSC 180
San Juan, Puerto Rico  00941-1711

**Counsel for defendant:**
 **(22) Lisandro Perez Carrasquillo aka "SANDRO"**


Juan F. Matos de Juan, Esq.
MSC #226
#5-B Ave. Esmeralda
Guaynabo, Puerto Rico 00969-4457

**Counsel for defendant:**
 **(23) Angel Chevere-González aka "CHEVERE"**

## ACKNOWLEDGMENT

I, as attorney of record for the above mentioned defendant hereby request discovery under F.R.Cr.P. 16 and acknowledge receipt of this letter and certain material. It is understood that I reserve the right to file any motion I deem appropriate.

I also do hereby acknowledge that it is the official policy of the Office of the United States Attorney for the District of Puerto Rico that "Plea Agreements" between defendant and/or defendant's counsel and the Government are not valid and binding until after they have been approved in writing and signed by the United States Attorney, Guillermo Gil, or by AUSA Jorge E. Vega-Pacheco, Chief, Criminal Division. The Office of the United States Attorney is not bound nor responsible for any tentative agreements or representations that legal counsel makes to a defendant prior to such formal agreement.

In the event that the instant discovery package is retrieved by a third-party representative of Counsel for the defendant, Counsel for the defendant and the defendant hereby expressly waive any and all claims concerning non-receipt of discovery materials and agree that they shall be precluded from arguing at any court proceeding or requesting any remedy from the court based upon a claim that the instant discovery package does not contain all of the discovery materials described herein or that same was not received.

Attorney for Defendant

Date: 7/12/5 9

Re:    **United States v. Carlos Gutierrez Naranjo, et al.
Criminal No. 97-271(CC)
Additional Discovery Package**



**U.S. Department of Justice**

*Guillermo Gil*
*United States Attorney*
*District of Puerto Rico*

*Federico Degetau Federal Building, Room 452*                    (809)766-5656
*Carlos Chardon Avenue*
*Hato Rey, Puerto Rico  00918*

December 11, 1997

TO ALL COUNSEL

    **Re:**   **United States v. Carlos Gutierrez Naranjo**
            **Criminal No. 97-271(C)**
            **Discovery Package #1**

Dear Counselors:

        In reference to the above and at your request, we are providing you with additional material to which your client is entitled pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

        As you are aware, Rule 16 generally entitles you to pretrial disclosure of certain categories of information in the possession of the United States of America.  They are as follows:

    a.  Recorded and written statements made by the defendant before or after the arrest;

    b.  The substance of any oral statements made by the defendant to any person <u>known</u> to be an agent of the United States;

    c.  Documents and tangible objects to be introduced by the United States during its case-in-chief, or taken from the possession of the defendant; and

    d.  Reports of scientific tests and medical examination.

        As to the categories as set out above, the United States of America has a continuing duty to exercise due diligence in disclosing material which may later become known to us before the trial of this case.



Discovery package #1
**United States v. Carlos Gutierrez Naranjo**
Criminal No. 97-271 (CC)
Page 2

We respectfully remind you that Rule 16 also gives the United states of America a reciprocal right of discovery, compliance with which we will, of course, insist upon.

The Rule 16 material, which is being provided to you, is described as follows:

1.  "Affidavit in Support of Application signed by Special Agent David Couvertier dated April 3, 1997 and attached "Order No. 1950-95" and memorandum captioned "Authorization For Interruption Order Application" (Thirty four (34) pages).

2.  "Application for Interception of Wire Communications" dated April 3, 1997 (Nine (9) pages).

3.  "Order Authorizing the Interception of Wire Communications" dated April 3, 1997 (Seven (7) pages).

4.  "Affidavit in Support of Application dated May 2, 1997 and attached" Order No. 1990-95" and Memorandum captioned "Authorization for Interception Order Application" (Thirty seven (37) pages).

5.  "Application for Continuing Interception of Wire Communications" dated May 2, 1997 (Ten (10) pages).

6.  "Order Authorizing the Continuing Interception of Wire Communications" dated May 2, 1997 (Eight (8) pages).

Respectfully,

GUILLERMO GIL
United States Attorney

Mark Irish
Assistant U.S. Attorney

## ACKNOWLEDGMENT

I, as attorney of record for the above mentioned defendant hereby acknowledge that my receipt of this discovery is a request for discovery under F.R.Cr.P. 16 and acknowledge receipt of this letter and the material specified above. It is understood that I reserve the right to file any motion I deem appropriate.

I also do hereby acknowledge that it is the official policy of the Office of the United States Attorney for the District of Puerto Rico that "Plea Agreements" between defendant and/or defendant's counsel and the Government are not valid and binding until after they have been approved in writing and signed by the United States Attorney, Guillermo Gil, or any of his designees. The Office of the United States Attorney is not bound nor responsible for any tentative agreements or representations that legal counsel makes to a defendant prior to such formal agreement.

Attorney for Defendant
Date: Feb -12- 98

Re:    United States v. Carlos Gutierrez Naranjo
       Criminal No. 97-271(CC)
       Discovery Package #1



**U.S. Department of Justice**

*Guillermo Gil*
*United States Attorney*
*District of Puerto Rico*

*Federico Degetau Federal Building, Room 452*          (809)766-5656
*Carlos Chardon Avenue*
*Hato Rey, Puerto Rico  00918*

December 11, 1997

TO ALL COUNSEL

Re:     **United States v. Carlos Gutierrez Naranjo**
        **Criminal No. 97-271(C)**
        Discovery Package #1

Dear Counselors:

        In reference to the above and at your request, we are providing you with additional material to which your client is entitled pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

        As you are aware, Rule 16 generally entitles you to pretrial disclosure of certain categories of information in the possession of the United States of America.  They are as follows:

a.  Recorded and written statements made by the defendant before or after the arrest;

b.  The substance of any oral statements made by the defendant to any person <u>known</u> to be an agent of the United States;

c.  Documents and tangible objects to be introduced by the United States during its case-in-chief, or taken from the possession of the defendant; and

d.  Reports of scientific tests and medical examination.

        As to the categories as set out above, the United States of America has a continuing duty to exercise due diligence in disclosing material which may later become known to us before the trial of this case.

**Discovery package #1**
**United States v. Carlos Gutierrez Naranjo**
**Criminal No. 97-271 (CC)**
**Page 2**

We respectfully remind you that Rule 16 also gives the United states of America a reciprocal right of discovery, compliance with which we will, of course, insist upon.

The Rule 16 material, which is being provided to you, is described as follows:

1.    "Affidavit in Support of Application signed by Special Agent David Couvertier dated April 3, 1997 and attached "Order No. 1950-95" and memorandum captioned "Authorization For Interruption Order Application" (Thirty four (34) pages).

2.    "Application for Interception of Wire Communications" dated April 3, 1997 (Nine (9) pages).

3.    "Order Authorizing the Interception of Wire Communications" dated April 3, 1997 (Seven (7) pages).

4.    "Affidavit in Support of Application dated May 2, 1997 and attached" Order No. 1990-95" and Memorandum captioned "Authorization for Interception Order Application" (Thirty seven (37) pages).

5.    "Application for Continuing Interception of Wire Communications" dated May 2, 1997 (Ten (10) pages).

6.    "Order Authorizing the Continuing Interception of Wire Communications" dated May 2, 1997 (Eight (8) pages).

Respectfully,

GUILLERMO GIL
United States Attorney

Mark Irish
Assistant U.S. Attorney

## ACKNOWLEDGMENT

I, as attorney of record for the above mentioned defendant hereby acknowledge that my receipt of this discovery is a request for discovery under F.R.Cr.P. 16 and acknowledge receipt of this letter and the material specified above.  It is understood that I reserve the right to file any motion I deem appropriate.

I also do hereby acknowledge that it is the official policy of the Office of the United States Attorney for the District of Puerto Rico that "Plea Agreements" between defendant and/or defendant's counsel and the Government are not valid and binding until after they have been approved in writing and signed by the United States Attorney, Guillermo Gil, or any of his designees.  The Office of the United States Attorney is not bound nor responsible for any tentative agreements or representations that legal counsel makes to a defendant prior to such formal agreement.

Attorney for Defendant

Date: Jan. 28, 98

Re:    United States v. Carlos Gutierrez Naranjo
       Criminal No. 97-271(CC)    (11)
       Discovery Package #1



**U.S. Department of Justice**

*Guillermo Gil*
*United States Attorney*
*District of Puerto Rico*

---

*Federico Degetau Federal Building, Room 452*          (809)766-5656
*Carlos Chardon Avenue*
*Hato Rey, Puerto Rico  00918*

December 18, 1997

TO ALL COUNSEL

    **Re:**   **United States v. Carlos Gutierrez Naranjo**
           **Criminal No. 97-271(CC)**
           **Discovery Package #2**

Dear Counselors:

      In reference to the above and at your request, we are providing you with additional material to which your client is entitled pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

      As you are aware, Rule 16 generally entitles you to pretrial disclosure of certain categories of information in the possession of the United States of America.  They are as follows:

    a.  Recorded and written statements made by the defendant before or after the arrest;

    b.  The substance of any oral statements made by the defendant to any person <u>known</u> to be an agent of the United States;

    c.  Documents and tangible objects to be introduced by the United States during its case-in-chief, or taken from the possession of the defendant; and

    d.  Reports of scientific tests and medical examination.

      As to the categories as set out above, the United States of America has a continuing duty to exercise due diligence in disclosing material which may later become known to us before the trial of this case.

      We respectfully remind you that Rule 16 also gives the United states of America a reciprocal right of discovery, compliance with which we will, of course, insist upon.

      The Rule 16 material, which is being provided to you, is described as follows:

**Discovery package #2**
<u>**United States v. Carlos Gutierrez Naranjo**</u>
**Criminal No. 97-271 (CC)**
**Page 2**

1.  United States of America's First Progress Report on the Interception of Wire Communication" and attached letter to Guillermo Gil, United States Attorney from Eladio Torres-Moreno, Supervisory Special Agent (FBI) (Six (6) pages).

2.  United States of America's Second Progress Report on the Interception of Wire Communications" and attached letter to Guillermo Gil, United States Attorney from Eladio Torres-Moreno, Supervisory Special Agent (FBI) (Seven (7) pages).

3.  United States of America's Third Progress Report on the Interception of Wire Communications" and attached letter to Guillermo Gil, United States Attorney from Eladio Torres-Moreno, Supervisory Special Agent (FBI) (Six (6) pages).

4.  United States of America's Fourth Progress Report on the Interception of Wire Communications" and attached letter to Guillermo Gil, United States Attorney from Eladio Torres-Moreno, Supervisory Special Agent (FBI) (Six (6) pages).

5.  United States of America's Fifth Progress Report on the Interception of Wire Communications" and attached letter to Guillermo Gil, United States Attorney from Eladio Torres-Moreno, Supervisory Special Agent (FBI) (Seven (7) pages).

6.  United States of America's Sixth and Final Progress Report on the Interception of Wire Communications" and attached letter to Guillermo Gil, United States Attorney from Eladio Torres-Moreno, Supervisory Special Agent (FBI) (Five (5) pages).

Respectfully,

GUILLERMO GIL
United States Attorney

Mark Irish
Assistant U.S. Attorney

## ACKNOWLEDGMENT

I, as attorney of record for the above mentioned defendant hereby acknowledge that my receipt of this discovery is a request for discovery under F.R.Cr.P. 16 and acknowledge receipt of this letter and the material specified above. It is understood that I reserve the right to file any motion I deem appropriate.

I also do hereby acknowledge that it is the official policy of the Office of the United States Attorney for the District of Puerto Rico that "Plea Agreements" between defendant and/or defendant's counsel and the Government are not valid and binding until after they have been approved in writing and signed by the United States Attorney, Guillermo Gil, or any of his designees. The Office of the United States Attorney is not bound nor responsible for any tentative agreements or representations that legal counsel makes to a defendant prior to such formal agreement.

Attorney for Defendant
Date: Jan 28, 98

Re:  **United States v. Carlos Gutierrez Naranjo**
     **Criminal No. 97-271(CC)**
     **Discovery Package #2**

Defendant's Name and No. _Carlos Collazo Arroyo (11)_



**U.S. Department of Justice**

**Guillermo Gil**
United States Attorney
District of Puerto Rico

---

Federico Degetau Federal Building, Room 452          (809)766-5656
Carlos Chardon Avenue
Hato Rey, Puerto Rico 00918

December 18, 1997

TO ALL COUNSEL

Re:    **United States v. Carlos Gutierrez Naranjo**
        **Criminal No. 97-271(CC)**
        **Discovery Package #2**

Dear Counselors:

In reference to the above and at your request, we are providing you with additional material to which your client is entitled pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

As you are aware, Rule 16 generally entitles you to pretrial disclosure of certain categories of information in the possession of the United States of America. They are as follows:

    a.  Recorded and written statements made by the defendant before or after the arrest;

    b.  The substance of any oral statements made by the defendant to any person <u>known</u> to be an agent of the United States;

    c.  Documents and tangible objects to be introduced by the United States during its case-in-chief, or taken from the possession of the defendant; and

    d.  Reports of scientific tests and medical examination.

As to the categories as set out above, the United States of America has a continuing duty to exercise due diligence in disclosing material which may later become known to us before the trial of this case.

We respectfully remind you that Rule 16 also gives the United states of America a reciprocal right of discovery, compliance with which we will, of course, insist upon.

The Rule 16 material, which is being provided to you, is described as follows:



Discovery package #2
United States v. Carlos Gutierrez Naranjo
Criminal No. 97-271 (CC)
Page 2

1.   United States of America's First Progress Report on the Interception of Wire Communication" and attached letter to Guillermo Gil, United States Attorney from Eladio Torres-Moreno, Supervisory Special Agent (FBI) (Six (6) pages).

2.   United States of America's Second Progress Report on the Interception of Wire Communications" and attached letter to Guillermo Gil, United States Attorney from Eladio Torres-Moreno, Supervisory Special Agent (FBI) (Seven (7) pages).

3.   United States of America's Third Progress Report on the Interception of Wire Communications" and attached letter to Guillermo Gil, United States Attorney from Eladio Torres-Moreno, Supervisory Special Agent (FBI) (Six (6) pages).

4.   United States of America's Fourth Progress Report on the Interception of Wire Communications" and attached letter to Guillermo Gil, United States Attorney from Eladio Torres-Moreno, Supervisory Special Agent (FBI) (Six (6) pages).

5.   United States of America's Fifth Progress Report on the Interception of Wire Communications" and attached letter to Guillermo Gil, United States Attorney from Eladio Torres-Moreno, Supervisory Special Agent (FBI) (Seven (7) pages).

6.   United States of America's Sixth and Final Progress Report on the Interception of Wire Communications" and attached letter to Guillermo Gil, United States Attorney from Eladio Torres-Moreno, Supervisory Special Agent (FBI) (Five (5) pages).

Respectfully,

GUILLERMO GIL
United States Attorney

Mark Irish
Assistant U.S. Attorney

## ACKNOWLEDGMENT

I, as attorney of record for the above mentioned defendant hereby acknowledge that my receipt of this discovery is a request for discovery under F.R.Cr.P. 16 and acknowledge receipt of this letter and the material specified above. It is understood that I reserve the right to file any motion I deem appropriate.

I also do hereby acknowledge that it is the official policy of the Office of the United States Attorney for the District of Puerto Rico that "Plea Agreements" between defendant and/or defendant's counsel and the Government are not valid and binding until after they have been approved in writing and signed by the United States Attorney, Guillermo Gil, or any of his designees. The Office of the United States Attorney is not bound nor responsible for any tentative agreements or representations that legal counsel makes to a defendant prior to such formal agreement.

Attorney for Defendant
Date: February 12-98

Re:   **United States v. Carlos Gutierrez Naranjo**
      **Criminal No. 97-271(CC)**
      **Discovery Package #2**

Defendant's Name and No. CARLOS COVUAZO

U.S. Department of Justice

**Guillermo Gil**
*United States Attorney*
*District of Puerto Rico*

---

*Federico Degetau Federal Building, Room 452*          (787) 766-5656
*Carlos Chardon Avenue*
*Hato Rey, Puerto Rico 00918*

July 6, 1998

Carlos R. Noriega, Esq.
Banco Cooperativo Plaza
Ponce de León Avenue #623
Hato Rey, Puerto Rico  00917

Re:    **United States v. Carlos Collazo Arroyo**
       <u>**Criminal No. 97-271(HL)**</u>
       **Additional Discovery Package #5**

Dear Counselor:

In reference to the above and at your request, we are providing you with additional  material to which your client is entitled pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

As you are aware, Rule 16 generally entitles you to pretrial disclosure of certain categories of information in the possession of the United States of America.  They are as follows:

a.  Recorded and written statements made by the defendant before or after the arrest;

b.  The substance of any oral statements made by the defendant to any person <u>known</u>          to be an agent of the United States;

c.  Documents and tangible objects to be introduced by the United States during its case-in-chief, or taken from the possession of the defendant; and

d.  Reports of scientific tests and medical examination.

As to the categories as set out above, the United States of America has a continuing duty to exercise due diligence in disclosing material which may later become known to us before the trial of this case.

We respectfully remind you that Rule 16 also gives the United states of America a reciprocal right of discovery, compliance with which we will, of course, insist upon.

**United States v. Carlos Collazo Arroyo**
**Criminal No. 97-241(HL)**
**Discovery Package #5**
**Page 2**

The Rule 16 material, which is being provided to you, is described as follows:

1.  Copy of FBI 302 regarding arrest of Carlos Collazo Arroyo and recovery of Titan II, 380 Caliber handgun, pager, and cellular telephone (One (1) page).

Respectfully,

GUILLERMO GIL
United States Attorney

Mark Irish
Assistant U.S. Attorney

## ACKNOWLEDGMENT

I, as attorney of record for the above mentioned defendant hereby acknowledge that my receipt of this discovery is a request for discovery under F.R.Cr.P. 16 and acknowledge receipt of this letter and the material specified above.  It is understood that I reserve the right to file any motion I deem appropriate.

I also do hereby acknowledge that it is the official policy of the Office of the United States Attorney for the District of Puerto Rico that "Plea Agreements" between defendant and/or defendant's counsel and the Government are not valid and binding until after they have been approved in writing and signed by the United States Attorney, Guillermo Gil, or any of his designees.  The Office of the United States Attorney is not bound nor responsible for any tentative agreements or representations that legal counsel makes to a defendant prior to such formal agreement.

Attorney for Defendant
Date July 7-98

Re:     **United States v. Carlos Collazo Arroyo**
        **Criminal No. 97-271(HL)**
        **Additional Discovery Package #5**

Defendant's Name and No. Carlos Collazo Arroyo # 11

FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription    12/16/97

On December 10, 1997, CARLOS COLLAZO ARROYO, date of birth, January 24, 1962, Social Security Account Number 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, was arrested by Special Agents of the Federal Bureau of Investigation (FBI) in Carolina, P.R.  COLLAZO was driving a black Mitsubishi Nativa, Puerto Rico Licence Plate CPM-397.

In the console of said vehicle, semi-automatic, chromed,  Titan II, 380 caliber, hand gun, serial number EB10450, was found.  The gun was loaded and immediately seized.

The gun was remanded to SA DANIEL J. SACCHINI by SA DOUG LISS and immediately given to SA CARLOS CASES.  In addition to the gun, a Cellpage beeper and a Motorola cellular telephone were seized.  On December 15, the pistol, beeper and cellular telephone were checked in to general evidence.

A query of said firearm in National Crime Information System (NCIC) was met with negative results.

---

Investigation on    12/10/97    at San Juan, P.R.

File #

Date dictated    12/16/97

by  SA's DANIEL J. SACCHINI, CARLOS CASES, DOUGLAS LISS

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

U.S. Department of Justice

*Guillermo Gil*
*United States Attorney*
*District of Puerto Rico*

---

*Federico Degetau Federal Building, Room 452*          *(787) 766-5656*
*Carlos Chardon Avenue*
*Hato Rey, Puerto Rico 00918*

September 4, 1998

COUNSEL LIST

> **Re:    United States v. Carlos Gutierrez Naranjo, et al.**
> **Criminal No. 97-271(CC)**
> **Additional Discovery Package #5**

Dear Counselors:

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, we are providing you with discovery in the above-referenced case.

   a.    Recorded and written statements made by a defendant before or after the arrest and the substance of any oral statements made by the defendant to any person <u>known</u> to be a Government agent;

   b.    A defendant's prior criminal record, if any;

   c.    Documents and tangible objects to be introduced by the United States during its case-in-chief, or taken from the possession of a defendant;

   d.    Reports of scientific tests and medical examination; and

   e.    A written summary of expert witness(es) testimony.

As to the categories set forth above, the United States recognizes its continuing duty to exercise due diligence in disclosing material which may later become known to us before trial of this case. The same may be inspected upon prior arrangements with the Assistant United States Attorney.

We respectfully remind you that Rule 16 also gives the United States a reciprocal right of discovery, compliance with which we, of course, insist upon.

United States v. Carlos Gutierrez Naranjo, et. al.
Criminal No. 97-271(HL)
Page 2

The Rule 16 materials that are being provided to you along with this letter, and which the United States designates pursuant to Rule 12(d) of the Federal Rules of Criminal Procedure, as evidence intended to be introduced at trial, are described below.

1.    Copy of consent to search forms signed by Niurka Emilia Mejia-Vargas and Adalgisa Mejia-Vargas.  (Six (6) pages).

2.    Copies of various documents including copies of photos of mini-submarine. (One hundred and fifteen (115) pages).

3.    Copy of identification of defendant Humberto Perez-Reyes.  Six (6) pages.

4.    Copy of advise of rights form and consent to searched form pertaining to defendant Humberto Reyes-Perez.  (Two (2) pages).

5.    Copy of Cellular One telephone bill to Gerardo Cruz-Pujols.  (Thirty-One (31) pages).

6.    Copies of  toll records and subscriber information pertaining to various telephones in New York City including that of Mabelis Gutierrez.  (Eighty (80) pages).

7.    Copies of identification/(business cards pertaining to Gerardo A. Cruz.  (One (1) page).

8.    Copy of identification cards of defendant Luis Rivera-Rosario and papers with telephone numbers.  (Ten (10) pages).

The United States also designates the enclosed documents purusant to Rule 12(d) of the Federal Rules of Criminal Procedures.

The United States intends to introduce into evidence the above-listed discovery materials and information contained therein, including any statements and illegal narcotics described in those materials, and the United States hereby designates such materials and information in accordance with Rule 12(d)(1) of the Federal Rules of Criminal Procedure.  All physical evidence may be inspected by prior appointment with the undersigned.

The United States recognizes its obligation under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) to divulge exculpatory evidence in a timely manner.  As of this date, no exculpatory evidence has been uncovered.  However, the United States will provide any exculpatory evidence which may be uncovered in the future.

Respectfully,

GUILLERMO GIL
United States Attorney

/oc:

Mark Irish
Assistant U.S. Attorney

COUNSEL LIST

Thomas Lincoln, Esq.
P.O. Box 363852
San Juan, Puerto Rico 00936-3852

**Counsel for defendant:**
 **(2) Federico Naranjo-Rosa aka "PAPO"**


Francisco M. Dolz-Sánchez, Esq.
P.O. Box 361451
San Juan, Puerto Rico 00936-1451

**Counsel for defendant:**
 **(3) Israel Ruiz-Caceres aka "EL VIEJO"**


Miguel A. Montes-Diaz, Esq.
57 Esteban Padilla
Bayamón, Puerto Rico 00959

**Counsel for defendant:**
 **(4) Luis Rivera Rosario aka "NEGRI"**


Ernesto Hernández, Esq.
201 De Diego Avenue
Suite 211
Plaza San Francisco
San Juan, Puerto Rico 00927

**Counsel for defendant:**
 **(6) Luis Pérez-Maldonado aka "IA"**


Zygmunt G. Slominski, Esq.
Suite #191
Garden Hills Plaza
S/C #1353 Carr. #19
Guaynabo, Puerto Rico 00966

**Counsel for defendant:**
 **(8) Juan Domenench-Rodriguez aka "PUCHO"**

Carlos Perez-Olivo, Esq.
P.O. Box 3264
Carolina, Puerto Rico 00984-3264

**Counsel for defendant:**
 **(9) Humberto Reyes-Perez aka "CUCA"**


Robert W. Odasz, Esq.
6616 Ave. Isla Verde
Suite 303
Carolina, Puerto Rico  00979

**Counsel for defendant:**
 **(10) Orlando Hernandez**


Carlos R. Noriega, Esq.
Banco Cooperativo Plaza
Ponce de León Avenue #623
Hato Rey, Puerto Rico  00917

**Counsel for defendant:**
 **(11) Carlos Collazo Arroyo aka "CARLI"**


Rafael Anglada-Lopez, Esq.
P.O. Box 194886
Hato Rey, Puerto Rico  00919

**Counsel for defendant:**
 **(12) Ruben Salazar Gonzalez aka "JEILLO"**


Edgardo L. Rivera-Rivera, Esq.
P.O. Box 360764
San Juan, Puerto Rico  00936-0764

**Counsel for defendant:**
 **(13) Miguel Izagas Cruz aka "CHUCO"**

Rachel Brill, Esq.
Mercantil Plaza Building
Suite 1113
Avenue Ponce de Leon
Hato Rey, Puerto Rico  00918

**Counsel for defendant:**
 **(14) Julio Enrique Nieves-Naranjo aka "KIKITO"**


Rafael F. Castro-Lang, Esq.
Gallardo Condominium
Suite 302
Old San Juan, Puerto Rico 00901

**Counsel for defendant:**
 **(16) Jesus Toro Santiago aka "CHU"**


Bruce McGiverin, Esq.
Mercantil Plaza Building, Suite 1113
Ponce de León Avenue
Hato Rey, Puerto Rico  00918

**Counse for defendant**
 **(17) Jose Montañez Rosado aka "CHE"**


Juan A. Pedrosa-Trapaga, Esq.
P.O. Box 366536
San Juan, Puerto Rico  00936-6536


**Counsel for defendant:**
 **(18) Juan Rafael Andujar aka "RAFI"**


Jorge Diaz-Reveron, Esq.
204 Avenida Domenech
Hato Rey, Puerto Rico 00918

**Counsel for defendant:**
 **(19) Jorge M. Gomez Feliz aka "FELIX""**

Ramón Garay, Esq.
Arzuaga #3, Suite 200
Rio Piedras, Puerto Rico  00925

**Counsel for defendant:**
 **(20) Fabian Claudio Naranjo aka "FANNY"**


Teodoro Méndez-Lebron, Esq.
#259 Ing. Ramón Ramos
Urb. Roosevelt
Hato Rey, Puerto Rico  00918

**Counsel for defendant:**
 **(21) Angel Luis Villodad Laureano aka "GUILO"**


Jorge Izquierdo San Miguel, Esq.
Izquierdo Stella & Izquierdo San Miguel
P.O. Box 194000, Suite 105
San Juan, Puerto Rico  00929-4000

**Counsel for defendant:**
 **(22) Lisandro Perez Carrasquillo aka "SANDRO"**


Juan F. Matos de Juan, Esq.
P.O. Box 362677
San Juan, Puerto Rico  00936-2677

**Counsel for defendant:**
 **(23) Angel Chevere-González aka "CHEVERE"**

**ACKNOWLEDGMENT**

I, as attorney of record for the defendant listed below my name at the beginning of this discovery letter acknowledge receipt of the discovery materials described herein, produced under Fed.R.Crim.P. 16, and further acknowledge that said receipt constitutes a request for such discovery materials under Fed.R.Crim.P. 16.  It is understood that I reserve the right to file any motion I deem appropriate.

I also agree to waive any claim that the aforementioned discovery package failed to contain any evidence detailed herein, should receipt of this package be acknowledged by any third party sent on my behalf as authorized by me.

I also do hereby acknowledge that it is the official policy of the Office of the United States Attorney for the District of Puerto Rico that "Plea Agreements" between defendant and/or defendant's counsel and the Government are not valid and binding unless and until they have been approved in writing and have been signed by the United States Attorney, Guillermo Gil, or by AUSA Jorge Vega Pacheco, Chief, Criminal Division.  The Office of the United States Attorney is not bound nor responsible for any tentative agreements or representations that legal counsel makes to a defendant prior to such formal agreement.

Attorney for Defendant

Date: Sept - 18 - 98

Re:    United States v. Carlos Gutierrez Naranjo, et al.
       Criminal No. 97-271(CC)
       Additional Discovery Package #5

U.S. Department of Justice

**Guillermo Gil**
**United States Attorney**
**District of Puerto Rico**

---

*Federico Degetau Federal Building, Room 452*          *(787) 766-5656*
*Carlos Chardon Avenue*
*Hato Rey, Puerto Rico 00918*

September 10, 1998

COUNSEL LIST

Re:   **United States v. Carlos Gutierrez Naranjo, et al.**
      **Criminal No. 97-271(CC)**
      **Additional Discovery Package #6**

Dear Counselors:

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, we are providing you with discovery in the above-referenced case.

a.   Recorded and written statements made by a defendant before or after the arrest and the substance of any oral statements made by the defendant to any person known to be a Government agent;

b.   A defendant's prior criminal record, if any;

c.   Documents and tangible objects to be introduced by the United States during its case-in-chief, or taken from the possession of a defendant;

d.   Reports of scientific tests and medical examination; and

e.   A written summary of expert witness(es) testimony.

As to the categories set forth above, the United States recognizes its continuing duty to exercise due diligence in disclosing material which may later become known to us before trial of this case.  The same may be inspected upon prior arrangements with the Assistant United States Attorney.

We respectfully remind you that Rule 16 also gives the United States a reciprocal right of discovery, compliance with which we, of course, insist upon.

The Rule 16 materials that are being provided to you along with this letter, and which the United States designates pursuant to Rule 12(d) of the Federal Rules of Criminal Procedure, as evidence intended to be introduced at trial, are described below.

1.    Copy of PRTC telephone bill for defendant Luis Rivera Rosario.  (Fifteen (15) pages).

2.    Copy of Federal Bureau of Investigation "Receipt for Property Received\Returned\Released\Seized" relating to, among other items, (1) 9 mm Ruger Pistol and (7) Mini electronic scale, pharmacist scoop, spoon, sives. Copy of Receipt was signed by Maria Fernandez-Jimenez.  (One (1) page).

3.    Copy of "Permiso de Registro" signed by Maria Fernandez-Jimenez.  (One (1) page).

The United States also designates the enclosed documents pursuant to Rule 12(d) of the Federal Rules of Criminal Procedures.

The United States intends to introduce into evidence the above-listed discovery materials and information contained therein, including any statements and illegal narcotics described in those materials, and the United States hereby designates such materials and information in accordance with Rule 12(d)(1) of the Federal Rules of Criminal Procedure.  All physical evidence may be inspected by prior appointment with the undersigned.

The United States recognizes its obligation under Brady v. Maryland, 373 U.S. 83 (1963) to divulge exculpatory evidence in a timely manner.  As of this date, no exculpatory evidence has been uncovered.  However, the United States will provide any exculpatory evidence which may be uncovered in the future.

Respectfully,

GUILLERMO GIL
United States Attorney

Mark Irish
Assistant U.S. Attorney

COUNSEL LIST

Thomas Lincoln, Esq.
P.O. Box 363852
San Juan, Puerto Rico 00936-3852

**Counsel for defendant:**
 **(2) Federico Naranjo-Rosa aka "PAPO"**


Francisco M. Dolz-Sánchez, Esq.
P.O. Box 361451
San Juan, Puerto Rico  00936-1451

**Counsel for defendant:**
 **(3) Israel Ruiz-Caceres aka "EL VIEJO"**


Miguel A. Montes-Diaz, Esq.
57 Esteban Padilla
Bayamón, Puerto Rico  00959

**Counsel for defendant:**
 **(4) Luis Rivera Rosario aka "NEGRI"**


Ernesto Hernández, Esq.
201 De Diego Avenue
Suite 211
Plaza San Francisco
San Juan, Puerto Rico  00927

**Counsel for defendant:**
 **(6) Luis Pérez-Maldonado aka "IA"**


Zygmunt G. Slominski, Esq.
Suite #191
Garden Hills Plaza
S/C #1353 Carr. #19
Guaynabo, Puerto Rico  00966

**Counsel for defendant:**
 **(8) Juan Domenench-Rodriguez aka "PUCHO"**

Carlos Perez-Olivo, Esq.
P.O. Box 3264
Carolina, Puerto Rico 00984-3264

**Counsel for defendant:**
 **(9) Humberto Reyes-Perez aka "CUCA"**


Robert W. Odasz, Esq.
6616 Ave. Isla Verde
Suite 303
Carolina, Puerto Rico  00979

**Counsel for defendant:**
 **(10) Orlando Hernandez**


Carlos R. Noriega, Esq.
Banco Cooperativo Plaza
Ponce de León Avenue #623
Hato Rey, Puerto Rico  00917

**Counsel for defendant:**
 **(11) Carlos Collazo Arroyo aka "CARLI"**


Rafael Anglada-Lopez, Esq.
P.O. Box 194886
Hato Rey, Puerto Rico  00919

**Counsel for defendant:**
 **(12) Ruben Salazar Gonzalez aka "JEILLO"**


Edgardo L. Rivera-Rivera, Esq.
P.O. Box 360764
San Juan, Puerto Rico  00936-0764

**Counsel for defendant:**
 **(13) Miguel Izagas Cruz aka "CHUCO"**

Rachel Brill, Esq.
Mercantil Plaza Building
Suite 1113
Avenue Ponce de Leon
Hato Rey, Puerto Rico  00918

**Counsel for defendant:**
 **(14) Julio Enrique Nieves-Naranjo aka "KIKITO"**


Rafael F. Castro-Lang, Esq.
Gallardo Condominium
Suite 302
Old San Juan, Puerto Rico 00901

**Counsel for defendant:**
 **(16) Jesus Toro Santiago aka "CHU"**


Bruce McGiverin, Esq.
Mercantil Plaza Building, Suite 1113
Ponce de León Avenue
Hato Rey, Puerto Rico  00918

**Counsel for defendant**
 **(17) Jose Montañez Rosado aka "CHE"**


Juan A. Pedrosa-Trapaga, Esq.
P.O. Box 366536
San Juan, Puerto Rico  00936-6536


**Counsel for defendant:**
 **(18) Juan Rafael Andujar aka "RAFI"**


Jorge Diaz-Reveron, Esq.
204 Avenida Domenech
Hato Rey, Puerto Rico 00918

**Counsel for defendant:**
 **(19) Jorge M. Gomez Feliz aka "FELIX""**

Ramón Garay, Esq.
Arzuaga #3, Suite 200
Rio Piedras, Puerto Rico  00925

**Counsel for defendant:**
 **(20) Fabian Claudio Naranjo aka "FANNY"**


Teodoro Méndez-Lebron, Esq.
#259 Ing. Ramón Ramos
Urb. Roosevelt
Hato Rey, Puerto Rico  00918

**Counsel for defendant:**
 **(21) Angel Luis Villodad Laureano aka "GUILO"**


Jorge Izquierdo San Miguel, Esq.
Izquierdo Stella & Izquierdo San Miguel
P.O. Box 194000, Suite 105
San Juan, Puerto Rico  00929-4000

**Counsel for defendant:**
 **(22) Lisandro Perez Carrasquillo aka "SANDRO"**


Juan F. Matos de Juan, Esq.
P.O. Box 362677
San Juan, Puerto Rico  00936-2677

**Counsel for defendant:**
 **(23) Angel Chevere-González aka "CHEVERE"**

## ACKNOWLEDGMENT

I, as attorney of record for the defendant listed below my name at the beginning of this discovery letter acknowledge receipt of the discovery materials described herein, produced under Fed.R.Crim.P. 16, and further acknowledge that said receipt constitutes a request for such discovery materials under Fed.R.Crim.P. 16. It is understood that I reserve the right to file any motion I deem appropriate.

I also agree to waive any claim that the aforementioned discovery package failed to contain any evidence detailed herein, should receipt of this package be acknowledged by any third party sent on my behalf as authorized by me.

I also do hereby acknowledge that it is the official policy of the Office of the United States Attorney for the District of Puerto Rico that "Plea Agreements" between defendant and/or defendant's counsel and the Government are not valid and binding unless and until they have been approved in writing and have been signed by the United States Attorney, Guillermo Gil, or by AUSA Jorge Vega Pacheco, Chief, Criminal Division. The Office of the United States Attorney is not bound nor responsible for any tentative agreements or representations that legal counsel makes to a defendant prior to such formal agreement.

Attorney for Defendant

Date: Sept. 18-98

Re:   **United States v. Carlos Gutierrez Naranjo, et al.**
      **Criminal No. 97-271(CC)**
      **Additional Discovery Package #6**



U.S. Department of Justice

*Guillermo Gil*
*United States Attorney*
*District of Puerto Rico*

---

*Federico Degetau Federal Building, Room 452*          *(809)766-5656*
*Carlos Chardon Avenue*
*Hato Rey, Puerto Rico 00918*

April 6, 1998

COUNSEL LIST

> **Re:**    **United States v. Carlos Gutierrez Naranjo**
>            **Criminal No. 97-271(CC)**
>            **Discovery Package #3**

Dear Counselors:

In reference to the above and at your request, we are providing you with additional material to which your client is entitled pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

As you are aware, Rule 16 generally entitles you to pretrial disclosure of certain categories of information in the possession of the United States of America.  They are as follows:

> a.  Recorded and written statements made by the defendant before or after the arrest;
>
> b.  The substance of any oral statements made by the defendant to any person <u>known</u> to be an agent of the United States;
>
> c.  Documents and tangible objects to be introduced by the United States during its case-in-chief, or taken from the possession of the defendant; and
>
> d.  Reports of scientific tests and medical examination.

As to the categories as set out above, the United States of America has a continuing duty to exercise due diligence in disclosing material which may later become known to us before the trial of this case.

We respectfully remind you that Rule 16 also gives the United states of America a reciprocal right of discovery, compliance with which we will, of course, insist upon.

The Rule 16 material, which is being provided to you, is described as follows:

**Discovery package #3**
**United States v. Carlos Gutierrez Naranjo**
**Criminal No. 97-271 (CC)**
**Page 2**

1.  Copy of Telephone Log SJ-DPR-91 of telephone number: (787) 795-4164 dated April 4, 1997 through May 2, 1997 (Volume I).

2.  Copy of Telephone Log SJ-DPR-91 of telephone number: (787) 795-4164 dated May 3, 1997 through May 23, 1997 (Volume II).

3.  Copy of Telephone Log SJ-DPR-92 of telephone number: (787) 403-0996 dated April 4, 1997 through May 2, 1997 (Volume I).

4.  Copy of Telephone Log SJ-DPR-92 of telephone number: (787) 403-0996 dated May 3, 1997 through May 23, 1997 (Volume II).

Respectfully,

GUILLERMO GIL
United States Attorney

Mark Irish
Assistant U.S. Attorney


Discovery package #3
**United States v. Carlos Gutierrez Naranjo**
Criminal No. 97-271 (CC)
Page 3

Jose Antonio Pagan-Nieves, Esq.
P.O. Box 3391
Old San Juan, Puerto Rico 00902

**Counsel for defendant:**
 **(2) Federico Naranjo-Rosa aka "PAPO"**

Francisco M. Dolz-Sánchez, Esq.
P.O. Box 361451
San Juan, Puerto Rico  00936-1451

**Counsel for defendant:**
 **(3) Israel Ruiz-Caceres aka "EL VIEJO"**

Miguel A. Montes-Diaz, Esq.
57 Esteban Padilla
Bayamón, Puerto Rico  00959

**Counsel for defendant:**
 **(4) Luis Rivera Rosario aka "NEGRI"**

Ernesto Hernández, Esq.
201 De Diego Avenue
Suite 211
Plaza San Francisco
San Juan, Puerto Rico  00927

**Counsel for defendant:**
 **(6) Luis Pérez-Maldonado aka "IA"**

Discovery package #3
United States v. Carlos Gutierrez Naranjo
Criminal No. 97-271 (CC)
Page 4


Zygmunt G. Slominski, Esq.
Suite #191
Garden Hills Plaza
S/C #1353 Carr. #19
Guaynabo, Puerto Rico  00966

**Counsel for defendant:**
 **(8) Juan Domenench-Rodriguez aka "PUCHO"**


Carlos Perez-Olivo, Esq.
P.O. Box 3264
Carolina, Puerto Rico 00984-3264

**Counsel for defendant:**
 **(9) Humberto Reyes-Perez aka "CUCA"**


Robert W. Odasz, Esq.
6616 Ave. Isla Verde
Suite 303
Carolina, Puerto Rico  00979

**Counsel for defendant:**
 **(10) Orlando Hernandez aka**


Carlos R. Noriega, Esq.
Banco Cooperativo Plaza
Ponce de León Avenue #623
Hato Rey, Puerto Rico  00917

**Counsel for defendant:**
 **(11) Carlos Collazo Arroyo aka "CARLI"**



**Discovery package #3**
**United States v. Carlos Gutierrez Naranjo**
**Criminal No. 97-271 (CC)**
**Page 5**

Pedro V. Aguirre De Jesus, Esq.
Avenue Nogal S-55
Bayamon, Puerto Rico  00956

**Counsel for defendant:**
 **(12) Ruben Salazar Gonzalez aka "JEILLO"**

Edgardo L. Rivera-Rivera, Esq.
P.O. Box 360764
San Juan, Puerto Rico  00936-0764

**Counsel for defendant:**
 **(13) Miguel Izagas Cruz aka "CHUCO"**

Juan R. Acevedo-Cruz, Esq.
Home Mortgage Plaza
Sulite 1003
268 Avenue Ponce de Leon
Hato Rey, Puerto Rico  00918

**Counsel for defendant:**
 **(14) Julio Enrique Nieves-Naranjo aka "KIKITO"**

Rafael F. Castro-Lang, Esq.
Gallardo Condominium
Suite 302
Old San Juan, Puerto Rico 00901

**Counsel for defendant:**
 **(16) Jesus Toro Santiago aka "CHU"**

`Discovery package #3`
`United States v. Carlos Gutierrez Naranjo`
`Criminal No. 97-271 (CC)`
`Page 6`


Bruce McGiverin, Esq.
Mercantil Plaza Building, Suite 802
2 Ponce de León Avenue
Hato Rey, Puerto Rico  00918

**Counse for defendant**
 **(17) Jose Montañez Rosado aka "CHE"**


Benito Rodríguez-Massó
376 Tnte. César González Avenue
Urb. Roosevelt
Hato Rey, Puerto Rico    00918-2113

**Counsel for defendant:**
 **(18) Juan Rafael Andujar aka "RAFI"**


Yolanda Collazo, Esq.
P.O. Box 1647
Bayamón, Puerto Rico 00960-1647

**Counsel for defendant:**
 **(19) Jorge M. Gomez Feliz aka "FELIX""**


Ramón Garay, Esq.
Arzuaga #3, Suite 200
Rio Piedras, Puerto Rico  00925

**Counsel for defendant:**
 **(20) Fabian Claudio Naranjo aka "FANNY"**

**Discovery package #3**
**United States v. Carlos Gutierrez Naranjo**
**Criminal No. 97-271 (CC)**
**Page 7**


Teodoro Méndez, Esq.
#259 Ing. Ramón Ramos
Urb. Roosevelt
Hato Rey, Puerto Rico   00918

**Counsel for defendant:**
 **(21) Angel Luis Villodad Laureano aka "GUILO"**


Jorge Izquierdo San Miguel, Esq.
Izquierdo Stella & Izquierdo San Miguel
P.O. Box 194000, Suite 105
San Juan, Puerto Rico   00929-4000

**Counsel for defendant:**
 **(22) Lisandro Perez Carrasquillo aka "SANDRO"**


Juan F. Matos de Juan, Esq.
P.O. Box 362677
San Juan, Puerto Rico   00936-2677

**Counsel for defendant:**
 **(23) Angel Chevere-González aka "CHEVERE"**

## ACKNOWLEDGMENT

I, as attorney of record for the above mentioned defendant hereby acknowledge that my receipt of this discovery is a request for discovery under F.R.Cr.P. 16 and acknowledge receipt of this letter and the material specified above. It is understood that I reserve the right to file any motion I deem appropriate.

I also do hereby acknowledge that it is the official policy of the Office of the United States Attorney for the District of Puerto Rico that "Plea Agreements" between defendant and/or defendant's counsel and the Government are not valid and binding until after they have been approved in writing and signed by the United States Attorney, Guillermo Gil, or any of his designees. The Office of the United States Attorney is not bound nor responsible for any tentative agreements or representations that legal counsel makes to a defendant prior to such formal agreement.

Attorney for Defendant
Date:

Re:    United States v. Carlos Gutierrez Naranjo
       Criminal No. 97-271(CC)
       Discovery Package #3

Defendant's Name and No._____